**Anthony X. COFFIELD, Defendant Below, Appellant,**

v.

**STATE of Delaware, Plaintiff Below, Appellee.**

**No. 361, 2000.**

Supreme Court of Delaware.

Submitted: Jan. 29, 2002.
Decided: April 10, 2002.

---

41. *In re Michael Arzuaga–Guevara,* Del.Supr., No. 506, 2001, Veasey, C.J. (October 11, 2001), Order at para. 5.

Raymond M. Rudulski, Office of the Public Defender, Wilmington, for appellant.

Gregory R. Babowal, Department of Justice, Wilmington, for appellee.

Before VEASEY, Chief Justice, HOLLAND and STEELE, Justices.

STEELE, Justice:

A Superior Court jury convicted Appellant, defendant-below, Anthony X. Coffield on three counts each of Robbery in the First Degree and Possession of a Firearm During the Commission of a Felony, as well as on several lesser charges relating to the robberies. The trial judge then imposed consecutive sentences amounting to thirty-four years at Level V incarceration, twenty-four of which were to be served at that level, with the remainder suspended for various lesser levels of supervision.

Immediately before trial, the State moved to amend the victim's name in Count II of the indictment from Douglas Brock to Francis Jackson. The State also moved to amend Counts VI through VIII in order to specify which particular robbery was the underlying felony to which each count of Possession of a Firearm During the Commission of a Felony applied. Initially, the trial judge declined to grant the Motion. At the close of the State's case, however, the trial judge granted the Motion to Amend the Indictment. Coffield argues in this appeal that the trial judge's action amounted to a judicial usurpation of the indictment power that the Delaware Constitution vests solely in a grand jury.

We find that the trial judge's action did not violate Coffield's guaranty of a probable cause determination culminating in an indictment by grand jury. Moreover, the amendments neither charged separate offenses nor worked discernable prejudice on the Appellant, and therefore fell well within the bounds of the trial judge's discretion under Superior Court Criminal Rule 7(e). Therefore, we AFFIRM the judgment of the Superior Court.

On the morning of May 3, 1999, three businesses located in the City of Wilmington were robbed at gunpoint. In each

instance, witnesses described the suspect as a stocky black man wearing a dark blue stocking cap, a dark blue hooded sweatshirt, sunglasses, and displaying a small silver handgun. The State's witnesses testified that, during one of the robberies, that of a Cumberland Farms store, the robber threatened an off-duty employee of the store, Douglas Brock, with the handgun and forced him to lie on the floor. The robber did not demand anything of value from Brock nor did he forcibly remove any property from him. Nevertheless, the evidence presented at trial did show that the robber forced the clerk on duty, Francis Jackson, to hand over currency from the store's accounts.

The State moved to amend the indictment to reflect that Francis Jackson was the "victim" of the robbery and not Douglas Brock. As noted *supra*, the record shows that both Jackson and Brock were employees of the Cumberland Farms store that Coffield robbed and were both present on the date and time the robbery was alleged to have occurred. The parties agree that the robber displayed the handgun and threatened harm to both individuals. Contrary to the indictment returned by the grand jury, the robber forced Jackson and not Brock to retrieve the store's money. Because the State realized that the evidence relating to this single fact would prove different at trial than alleged in the indictment, it moved to amend the indictment accordingly.

A requested amendment of any indictment requires the trial judge to consider not only whether the proposed amendment compromises an individual's right to a probable cause determination by a grand jury, but also whether the amendment would create prejudice to the defendant incompatible with our conception of due process. For two centuries, Delaware's several constitutions have enshrined the common law rights that prevent the State from proceeding with a felony prosecution without an indictment by a grand jury.[1] At its common law inception, an indictment could be amended only by the grand jury that returned the original bill.[2] Yet the law has evolved to recognize that a "mistake of form, resulting in no substantial harm or prejudice to a defendant, should not be permitted to retard or defeat the administration of justice."[3] To this end, it has long been the practice of the courts, at the time the indictment is returned, to obtain the consent of the grand jury for the trial court to amend the form of the indictments without its express action. This Court has clearly stated that in no instance may the trial court authorize an amendment to an indictment if that amendment would in any way alter the substance of the grand jury's charge.[4]

The purpose of limiting amendments to those addressing matters of form is to preserve the integrity of the grand jury system. Allowing the courts to alter an indictment substantively creates the potential for the State to prosecute a defendant on charges on which the grand jury never found probable cause, never intended to indict and may not have even considered.[5] Our adherence to any other doctrine would "place the rights of the citizen, which were intended to be protected by the constitutional provision, at the

1. *Johnson v. State,* 711 A.2d 18, 26 (Del.1998).

2. *Id.* at 25.

3. *State v. Blendt,* 120 A.2d 321, 323 (Del.Super.Ct.1956).

4. *Johnson,* 711 A.2d at 26 (citing *Blendt,* 120 A.2d at 324).

5. *Id.* at 28.

mercy or control of the court."[6] We have found that the principal test for determining the appropriateness of an amendment under the Delaware Constitution must focus on the extent to which the amendment substantively changes the material elements of the crime alleged in the original indictment. On two separate occasions this issue has arisen in the context of an indictment alleging an assault while in possession of a deadly weapon. In each instance, the state sought an amendment altering the description of the instrument allegedly used in the attack.[7] We held that the identification of the instrumentality employed is a material element of any deadly weapon charge whether it be Possession of a Deadly Weapon During the Commission of a Felony or Assault in the First Degree. Indeed, the very title of the felony may imply the need to examine the extent to which the object could be considered to be "deadly." Because the amendments in those cases would have usurped the grand jury's right to consider the deadly nature of the weapon, we deemed them substantive.

This Court also concluded that the misidentification of the instrument would not be fatal to a separate charge of assault stemming from the incident which neither requires nor implies the use of a deadly weapon or instrument. We have concluded that where a conviction on a charge was not dependent on the nature of any weapon or instrument allegedly used in the assault an amendment to the indictment recharacterizing the instrument would not be improper.[8] In *Harley*, whether the weapon allegedly used in the assault was deadly or not would not have been material to a grand jury indicting on an Assault Second charge because the defendant's conduct is the *only* material element of the crime alleged. We reached a similar conclusion in *Roberts v. State*.[9] In *Roberts*, we upheld an amendment that changed the term "currency and other valuables" in the indictment to "property."[10] As in *Harley*, the amendment could not have altered the exact crime charged or placed into question whether the defendant's alleged behavior could have suggested a different probable cause determination to the grand jury.

Robbery in the First Degree presupposes that an individual person is a victim. The governing statute states that a person is guilty of Robbery in the First Degree when he commits the crime of Robbery in the Second Degree in combination with one or more of four additional circumstances.[11] Robbery in the Second Degree requires that an individual "use or threaten the immediate use of force *upon another person*."[12] Thus, any robbery, including the one at the Cumberland Farms store, requires the existence of a named human victim as a material element.

As discussed *infra*, the facts of the indictment cannot be amended in a

---

**6.** *Id.* (quoting *Ex parte Bain,* 121 U.S. 1, 13, 7 S.Ct. 781, 787–88, 30 L.Ed. 849 (1887)).

**7.** In *Harley v. State,* 534 A.2d 255 (Del.1987), the State sought to amend its indictment for Assault with a Deadly Weapon by changing the instrument of the attack from a "tire iron" to a "jack stand." Similarly, in *Johnson v. State,* 711 A.2d 18, the State attempted to amend the instrument from a chair to a table.

**8.** *Harley,* 534 A.2d at 257.

**9.** 710 A.2d 218 (Table), 1998 WL 231269 (Del. 1998) (order).

**10.** *Id.*

**11.** *See* Del.Code Ann. tit. 11 § 832 (2001). In this instance, the additional factor consisted of the display of a deadly weapon, namely a .25 caliber handgun.

**12.** *See* Del.Code Ann. tit. 11 § 831 (2001) (emphasis added).

manner that fails to provide adequate notice of the crimes charged or otherwise prejudices the defendant. This Court has yet to decide whether, absent that prejudice or lack of notice, an amendment to the identity of a victim changes the substance or merely the form of the charge. Nevertheless, the United States Court of Appeals for the Tenth Circuit has addressed the identical issue in examining an individual's guarantees under the Fifth Amendment of the United States Constitution.[13] In a recent decision, that court concluded that, as a general rule, "an erroneous reference to the victim is not fatal to the indictment."[14] It reasoned that, although the law is clear that the charges may not be broadened through amendment unless done by the grand jury itself, substituting a different person as the victim in the indictment neither literally nor effectively changes the terms of the indictment and therefore did not violate the defendant's right to a probable cause determination by a grand jury and the return of an indictment.[15] We agree that where no other prejudice to the defendant exists, the name of the alleged human victim is not an essential element of the crime of Robbery First Degree and the amendment of that portion of the indictment does not violate an individual's right under the Delaware Constitution to be charged for that felony by a grand jury indictment.

■ Superior Court Criminal Rule 7(e) authorizes the trial court to permit an amendment at any time before the verdict "if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced." Although these prohibitions reflect the common law limits on the ability to change only matters of substance, they serve the dual purpose of protecting the due process rights of the accused. Having determined that the amendment to Coffield's indictment did not alter the substance of the indictment returned by the jury, we must now examine whether the amendment otherwise prejudiced Coffield.

■ A defendant cannot be prejudiced if the original indictment, when viewed with the amendment, is sufficiently certain and understandable to enable the defendant to prepare his defense and to interpose a judgment in his case as a bar to another prosecution for the same offense.[16] Coffield cannot reasonably argue that the indictment did not provide adequate notice of the crime charged. Both the "victim" named in the original indictment and the

---

**13.** That amendment reads, in pertinent part: "No person shall be held to answer for a capital, or otherwise infamous crime, unless on presentment or indictment of a Grand Jury, except in cases in the land or naval forces, or in the Militia, when in actual service in time of War or public danger...." U.S. Const. amend V. The United States Supreme Court has specifically held that the grand jury concept is not among the protected rights applicable to the states by virtue of the Fourteenth Amendment incorporation doctrine. *Hurtado v. California,* 110 U.S. 516, 538, 4 S.Ct. 111, 122, 28 L.Ed. 232 (1884). We have recognized the common origins and purpose of the Fifth Amendment and the grand jury clause found in our Constitu-

tion and will thus examine federal cases. *See Johnson,* 711 A.2d 18.

**14.** *United States v. Moore,* 198 F.3d 793, 795–96 (10th Cir.1999).

**15.** *Id.* at 796.

**16.** *See Keller v. State,* 425 A.2d 152, 155 (Del. 1981) (Delaware's common law rule concerning permissible indictment and Rule 7(e) are both designed to afford the accused notice of the charges against him so that he has the opportunity to prepare an adequate and prevention from twice being placed in jeopardy for the same offense); *see also Blendt,* 120 A.2d at 323.

one named in the amendment were present at the time of the robbery. The evidence indisputably shows that the robber threatened both individuals. In fact, the only difference between the terms of the original indictment and the amended version concerns which of the two the robber forced to retrieve money. The terms of both indictments clearly placed Coffield on notice that he would be called upon to defend against the accusation that he robbed an individual person at the Cumberland Farms store in Wilmington, Delaware on the morning of May 3, 1999. The amendment in no way alters these essential facts of the incident and thus Coffield can neither claim that he was unaware of the offense charged nor that the amendment obscures the underpinnings of the crime charged in a manner that submits him to the risk of a second prosecution.

Moreover, because both the victim named in the original indictment and the one named in the amendment were witnesses to the robbery, the defense knew that both individuals were present at the time and place alleged well before trial, knew the general nature of their testimony, and not only had equal access to both, but also equal reason to interview them. This Court has noted that the degree to which an amendment might unduly prejudice a defendant by precluding him from pursuing his original defense strategy is an appropriate consideration in a Rule 7(e) analysis.[17] In this instance, Coffield based his defense on an alibi for all three robberies. Nothing in the record suggests that Coffield would have pursued a different strategy if he had known that the trial judge would grant the Motion to Amend, nor did he raise this argument in this appeal. In short, we find nothing to support Coffield's claim that when the trial judge decided to allow the State to substitute the name of Francis Jackson for Douglas Brock in Count II that Coffield suffered any discernable prejudice.

■ Applying the same standard to the amendments of the three counts of Possession of a Firearm During the Commission of a Felony, we find them to be similarly matters of form and consistent with the constraints on amendments imposed by Rule 7(e). Each count charged Coffield with possession of "a .25 caliber handgun, a firearm[,] during the commission of robbery first." The state charged one possession count for every robbery count. The amendment sought to correct the flaw that the indictment failed to specify which possession count accompanied which robbery. The amendment sought only to clarify the charge by assigning each count to a robbery. It alleged no new or different behavior and clearly reflected the intent of the grand jury. Furthermore, Coffield was surely aware that he was being charged with Possession of a Firearm during each alleged robbery. All of the necessary and material elements of the charges were present in the original indictment.

■ We find Appellant's final two arguments to be wholly without merit. Coffield contends that the trial judge abused his discretion when he failed to sever the charges in the indictment. Superior Court Criminal Rule 8(a) specifically permits the joinder of two or more offenses if those offenses are of "the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or

**17.** *O'Neil v. State*, 691 A.2d 50, 55 (Del.1997).

plan." We have held that where, as is the case here, the offenses are of the same general character, involve a similar course of conduct, and have occurred within a relatively brief span of time, it is proper to try the offenses together.[18] Although Rule 14 authorizes the severance of offenses where the joinder will prejudice either party, any decision to sever is within the sound discretion of the trial court and will not be disturbed on appeal absent a showing of actual prejudice by the defendant.[19] Here, Coffield has offered only unsubstantiated speculation about prejudice. His assertion is clearly insufficient under the standard we articulated in *Bates v. State.*[20]

■ Coffield also argues that the trial judge erred when he interpreted the sentencing statutes to prohibit the suspension of a minimum sentence after conviction of Robbery in the First Degree. The trial judge sentenced Coffield under Del.Code Ann. tit. 11 § 832(b) which provides for a minimum sentence of four years incarceration for those convicted of a second or later offense of Robbery in the First Degree, notwithstanding the provisions of Del.Code Ann. tit. 11 § 4205(b) which would otherwise impose a suspended or sentence of "not less than 2 years up to 20 ...." Coffield argues that § 4205(d) is inapplicable to his sentence because it states that where "a minimum, mandatory, mandatory minimum or minimum mandatory sentence is required by subsection (b) of this section [§ 4205], such sentence shall not be subject to suspension by the court." Coffield concludes that since no minimum sentence was required by § 4205(b) he may have his sentences suspended. Cof-

field's argument ignores Del.Code Ann. tit. 11 § 4204(d) which applies to *all* judgments of conviction and states:

> Notwithstanding anything in this Criminal Code to the contrary, probation or a suspended sentence shall not be substituted for imprisonment where the statute specifically indicates that a prison sentence is a mandatory sentence, a minimum sentence, a minimum mandatory sentence or a mandatory minimum sentence, or may not otherwise be suspended.

Here, because Coffield's sentence *is* for a second or "subsequent" offense, a minimum sentence of four years at Level V must be imposed notwithstanding §§ 4205(b)(2)'s and 4215's suggestion to the contrary. Title 11 § 4204(d) clearly states that this minimum not be suspended. Because the sentencing judge correctly interpreted the Criminal Code to bar the suspension of any statutorily mandated minimum sentence, Appellant's arguments in support of his challenge to his sentence are unpersuasive.

The judgments of the Superior Court are affirmed.

---

**18.** *Younger v. State,* 496 A.2d 546, 550 (Del. 1985).

**19.** Super. Ct.Crim. R. 14; *Lampkins v. State,* 465 A.2d 785, 794 (Del.1983).

**20.** 386 A.2d 1139, 1142 (Del.1978) ("mere hypothetical prejudice is not sufficient" for defendant to carry burden of demonstrating prejudice from refusal to grant a severance).