Kenneth T. OWENS, Defendant Below–Appellant,

v.

STATE of Delaware, Plaintiff Below–Appellee.

No. 329,2005.

Supreme Court of Delaware.

Submitted: Dec. 20, 2005.
Decided: Feb. 22, 2006.

---

5. *Downer v. State,* 543 A.2d 309, 312–13 (Del. 1988).

6. *Helman v. State,* 784 A.2d 1058, 1077–78 (Del.2001).

7. *Id.* at 1078.

Edmund M. Hillis, Office of the Public Defender, Wilmington, DE, for appellant.

Aimee M. Czachorowski, Department of Justice, Wilmington, DE, for appellee.

Before STEELE, Chief Justice, HOLLAND and BERGER, Justices.

HOLLAND, Justice:

The defendant-appellant, Kenneth T. Owens, was found guilty by a Superior Court jury of Forgery in the Second Degree.[1] He was sentenced to 2 years incarceration at Level V, to be followed by 6 months of Level III probation. This is Owens' direct appeal.

### Counsel's Rule 26(c) Brief

Owens' trial counsel has filed a brief and a motion to withdraw pursuant to Rule 26(c). Owens' counsel asserts that, based upon a careful and complete examination of the record, there are no arguably appealable issues. By letter, Owens' counsel informed Owens of the provisions of Rule 26(c) and provided him with a copy of the motion to withdraw, the accompanying brief and the complete trial transcript. Owens also was informed of his right to supplement his attorney's presentation.

Owens responded with a brief that raises eight issues for this Court's consideration. The State has responded to the position taken by Owens' counsel as well as the issues raised by Owens and has moved to affirm the Superior Court's judgment.

### Standard of Review

The standard and scope of review applicable to the consideration of a motion to withdraw and an accompanying brief under Rule 26(c) is twofold. First, this Court must be satisfied that defense counsel has made a conscientious examination of the record and the law for claims that could arguably support the appeal. Second, this Court must conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be

---

1. The jury also found Owens guilty of Criminal Impersonation, but that charge was dismissed, since there was no evidence indicating that Owens had committed that offense in the State of Delaware.

decided without an adversary presentation.[2]

### Owens' Issues on Appeal

Owens raises eight issues for this Court's consideration, which may fairly be summarized as four contentions. Owens claims that: first, there was insufficient evidence presented at trial to support his forgery conviction and, in particular, he was not identified as the perpetrator of the forgery; second, it was improper for the State to amend the indictment to bring the criminal impersonation charge within the appropriate statute of limitations; third, certain documentary evidence, such as Delaware Department of Motor Vehicle records, New Jersey traffic citations and an affidavit signed by him were improperly admitted into evidence; and fourth, the Superior Court judge made improper comments to the jury that prejudiced his case.[3]

### Facts

At trial, before the jury was brought into the courtroom, defense counsel moved for a dismissal of the criminal impersonation charge on the ground that the conduct underlying the charge did not occur within the three-year statute of limitations applicable to a Class A misdemeanor.[4] The judge ruled that the State would have to limit its proof of that charge to the appropriate three-year period and that the indictment would be amended to reflect that the charge related only to alleged criminal conduct within that period. Defense counsel did not object to that ruling.

Detective Mary Bartkowski of the Delaware State Police testified for the State. She stated that, on January 9, 2004, an individual named Carl Owens telephoned the Financial Crimes Unit to report a case of identity theft involving his twin brother, Kenneth Owens. Carl told Detective Bartkowski that he had received several notices from the State of New Jersey about a large number of outstanding traffic tickets. When Carl inquired at the Delaware Department of Motor Vehicles ("DMV"), he learned of the existence of a second Delaware license in his name. The license contained his personal information, but displayed a photograph of Kenneth. According to Carl, his purported signature was in Kenneth's handwriting.

After obtaining an identity theft affidavit from Carl, Detective Bartkowski began her own investigation at the DMV. She confirmed that Carl had two Delaware licenses and that the signature and photograph on the second license were different from what appeared on the first license. She testified that she personally observed the DMV records being retrieved by a Miss Davison from a computer at the Delaware DMV. Later, Detective Bartkowski had the records verified as true and correct by James Sharkley, a hearing officer at the DMV. Based on the information she obtained at the DMV, Detective Bartkowski obtained a warrant for Kenneth's arrest.

Carl Owens testified and made an in-court identification of Kenneth as his twin brother. He stated that he had been a

---

**2.** *Penson v. Ohio,* 488 U.S. 75, 83, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *McCoy v. Court of Appeals of Wisconsin,* 486 U.S. 429, 442, 108 S.Ct. 1895, 100 L.Ed.2d 440 (1988); *Anders v. California,* 386 U.S. 738, 744, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

**3.** Because these issues were raised for the first time in this appeal, they will be reviewed

for plain error. *Wainwright v. State,* 504 A.2d 1096, 1100 (Del.1986) (Plain error is error so clearly prejudicial to substantial rights as to jeopardize the fairness and integrity of the trial.)

**4.** Del.Code Ann. tit. 11, § 205(b)(2).

truck driver for about 14 years. He also stated that he never gave Kenneth permission to use his name and personal information to obtain a Delaware driver's license.[5] According to Carl, he talked to Kenneth about the forgery and had him sign an affidavit stating that Kenneth had obtained the license in Carl's name without Carl's authorization. Carl also testified that he found a number of New Jersey traffic tickets issued on the forged Delaware license dating from 2002 and 2003 among Kenneth's personal belongings at Kenneth's New Jersey residence. The charges ultimately were dismissed after Carl went to court in New Jersey and provided proof that he had not committed the violations.

The New Jersey traffic tickets and Kenneth's signed affidavit were identified by Carl and admitted into evidence. Because Carl was able to identify the tickets based upon his own personal knowledge, the judge ruled that certification from the State of New Jersey was not required for their admission into evidence. The judge also instructed the jury that they were to consider the affidavit solely as proof of Kenneth's signature, and not as proof of a prior bad act.

### Sufficient Evidence Presented

■ Owens' first claim is that there was insufficient evidence presented to support his forgery conviction. In particular,

he claims that he was not identified at trial as the perpetrator of the forgery. In reviewing a claim of insufficiency of the evidence, this Court must determine whether, viewing the evidence in the light most favorable to the State, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[6] In so doing, we make no distinction between direct and circumstantial evidence.[7]

Our review of the record in this case does not support Owens' claim. There clearly was sufficient evidence presented at trial to support his conviction of Forgery in the Second Degree.[8] Also, contrary to Owens' assertion, the trial transcript reflects that his twin brother did identify him at trial and provided evidence that he was the perpetrator of the forgery. Accordingly, we conclude there was no error, plain or otherwise, with respect to this claim.

### Indictment Amendment Permissible

■ Owens' next claim is that the Superior Court improperly permitted the State to amend the criminal impersonation charge in the indictment to fall within the applicable three-year statute of limitations. Under Delaware law, the Superior Court may amend an indictment at any time prior to verdict as long as "no additional or different offense is charged and if substan-

---

5. According to Carl, Kenneth had obtained a driver's license in his name once before. Between 1988 and 1991, Carl received numerous notices of unpaid tickets from Virginia, Delaware, Maryland and Georgia and learned that Kenneth had obtained a Virginia driver's license using Carl's name and personal information.

6. *Barnett v. State,* 691 A.2d 614, 618 (Del. 1997).

7. *Skinner v. State,* 575 A.2d 1108, 1121 (Del. 1990).

8. Del.Code Ann. tit. 11, § 861(a)(1) and (b)(2) b. ("... A person is guilty of forgery when, intending to defraud, deceive or injure another person, ... the person ... [a]lters any written instrument of another person without the other person's authority.... Forgery is forgery in the second degree if the written instrument is ... officially issued or created by a public office, public servant or governmental instrumentality....")

tial rights of the defendant are not prejudiced." [9] In this case, the judge ruled before trial began that the indictment would be amended to reflect that Owens was being charged with alleged criminal conduct only within the applicable three-year statute of limitations.

Defense counsel, who originally had objected to the admission of evidence of conduct outside that three-year period, did not object to the judge's ruling. The record reflects that, in amending the indictment, no additional or different offense was charged and no substantive rights of the defendant were prejudiced. [10] To the extent Owens contends that evidence bearing on the criminal impersonation charge tainted his case, the record does not support that contention. Once again, we conclude there was no error, plain or otherwise, with respect to this claim.

### Documentary Evidence Admissible

■ Owens next claims that the Delaware DMV records, the New Jersey traffic tickets and his signed affidavit constituted inadmissible hearsay and should not have been admitted into evidence. The trial transcript reflects the following: Detective Bartkowski personally observed the retrieval of the DMV records and a hearing officer at the DMV later certified that they were true and correct; the New Jersey traffic tickets were obtained by Owens' twin brother from among Owens' personal belongings and were later taken by him to a New Jersey court for disposition; and the judge ruled that the jury was to consider the affidavit only for purposes of

identifying Kenneth's signature. The Superior Court judge properly admitted the DMV records and the New Jersey traffic tickets as business records [11] and properly limited the purpose for which the affidavit was to be considered by the jury. [12] We conclude that there was no error, plain or otherwise, with respect to this claim.

### Trial Judges' Comments

■ Owens' last claim is that the Superior Court judge made improper comments to the jury. After the State rested, the judge commented, "Ladies and gentlemen, you're witnessing one of the shortest trials in my career." The judge also stated, "Now, the fact that we're moving speedily is not to be interpreted by you that I have any expectation about how long your deliberations will take, and I don't want you to rush. Does everyone understand that?" As part of the jury instructions, the judge also stated, "Nothing the Court has said since the trial began should be taken as expressing an opinion on the outcome of the case. You are to understand that I have meant no favoritism or partisan meaning in any rulings that I've made during the trial or in these instructions."

■ Specifically, Owens complains that the judge's comments concerning the length of the trial were prejudicial to his case. A trial judge has the duty to avoid any statements or conduct that might lead the jury to infer that the judge favors one party over another in the trial. [13] The State submits that the comments made by the judge concerning the length of the trial were not prejudicial to Owens' case. We

---

9. Super. Ct.Crim. R. 7(e).

10. Indeed, Owens appears to have benefited from the application of a three-year, rather than a five-year, limitations period to his crime. Del.Code. Ann. tit. 11, §§ 205(b)(1) and 861(b)(2).

11. D.U.R.E. 803(8); 902(11).

12. D.U.R.E. 105; 404(b).

13. *Price v. Blood Bank of Delaware, Inc.*, 790 A.2d 1203, 1210–11 (Del.2002); *Wright v. State*, 405 A.2d 685, 689 (Del.1979).

agree. Assuming arguendo that those comments gave Owens' reasonable cause for concern, we have concluded that any possible prejudice was cured by the judge's subsequent instructions to the jury. We conclude that there was no error, plain or otherwise, with respect to this claim.

### Conclusion

This Court has reviewed the record carefully and has concluded that Owens' appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that Owens' counsel has made a conscientious effort to examine the record and has properly determined that Owens could not raise a meritorious claim in this appeal.

The State's motion to affirm is granted. The judgment of the Superior Court is affirmed. The motion to withdraw filed by Owens' counsel is moot.