IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| RUSSELL GRIMES, | § | |
| | § | |
| Defendant Below, | § | No. 494, 2019 |
| Appellant, | § | |
| | § | Court Below:  Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 1108023033A (K) |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted:  June 12, 2020
Decided:  July 21, 2020

Before **VAUGHN**, **TRAYNOR**, and **MONTGOMERY-REEVES**, Justices.

## **ORDER**

Upon consideration of the briefs of the parties and the record below, it appears to the Court that:

(1)    The defendant below-appellant, Russell Grimes, has appealed the Superior Court's denial of his first motion for postconviction relief under Superior Court Criminal Rule 61.  For the reasons set forth below, we affirm the Superior Court's judgment.

(2)    In May 2013, a Superior Court jury found Grimes, who chose to represent himself, guilty of first-degree robbery, second-degree conspiracy, possession of a firearm during the commission of a felony, possession of a firearm or ammunition by a person prohibited, and five counts of second-degree reckless

endangering as lesser-included offenses of attempted first-degree murder. The jury found Grimes not guilty of first-degree conspiracy and six counts of aggravated menacing. The jury found Grimes's co-defendant, William S. Sells, guilty of multiple crimes, including first-degree robbery. The charges arose from a bank robbery and subsequent car chase with police in which Grimes was the driver of the getaway car. On appeal, this Court held that there were errors in the jury-selection process and reversed and remanded both cases for new trials.[1]

(3)     After a new trial, a Superior Court jury found Grimes guilty of first-degree robbery, second-degree conspiracy, possession of a firearm during commission of a felony, possession of a firearm or ammunition by a person prohibited, and five counts of second-degree reckless endangering. On appeal, Grimes and *amicus curiae*, as requested by this Court, argued that retrying Grimes for first-degree robbery after he was acquitted of the lesser-included offense of aggravated menacing (the same victim—a bank manager—was named in both counts of the amended indictment) in the first trial violated the Double Jeopardy Clause. This Court held that the Double Jeopardy Clause did not prevent the State from retrying Grimes for first-degree robbery after he was found guilty of first-

---

[1] *Grimes v. State*, 2015 WL 2231801 (Del. May 12, 2015); *Sells v. State*, 109 A.3d 568 (Del. 2015). Sells subsequently pleaded guilty to first-degree robbery and other charges.

degree robbery and acquitted of the lesser-included offense of aggravated menacing in the first trial.[2]

(4) On August 3, 2018, Grimes filed a timely motion for postconviction relief. He argued that the indictment was illegally amended during the first trial and that this illegal amendment violated the Double Jeopardy Clause and his right to a fair trial. He later amended the motion to add a claim that the illegal amendment of the indictment divested the Superior Court of subject matter jurisdiction.

(5) A Superior Court Commissioner recommended denial of Grimes's postconviction motion. The Commissioner concluded that the double-jeopardy claim was previously adjudicated on Grimes's second appeal and was therefore procedurally barred by Rule 61(i)(4). As to Grimes's remaining claims concerning the amendment of the indictment during the first trial, the Commissioner found those claims barred by Rule 61(i)(3) because Grimes did not previously challenge the amendment of the indictment, did not establish cause for his failure to do so, and did not establish prejudice. The Commissioner further held that amendment of the indictment did not divest the Superior Court of jurisdiction, and that amendment of the indictment was not illegal. After a *de novo* review of the Commissioner's report and recommendation, the Superior Court denied Grimes's motion for postconviction relief. This appeal followed.

---

[2] *Grimes v. State*, 188 A.3d 824 (Del. 2018).

(6)    We review the Superior Court's denial of postconviction relief for abuse of discretion, although we review questions of law *de novo*.[3]  Both the Superior Court and this Court on appeal first must consider the procedural requirements of Rule 61 before considering the merits of any underlying postconviction claims.[4]  On appeal, Grimes argues that the substantive amendment of the indictment during his first trial divested the Superior Court of jurisdiction over the first-degree robbery charge and violated double-jeopardy principles.

(7)    The indictment originally named a bank teller as the victim of the first-degree robbery charge against Grimes and Sells.  Other bank employees, including the bank manager, were named as victims of the aggravated menacing charges.  At the beginning of the first trial, the manager testified that, as directed by the armed robber, she assisted with the emptying of the teller drawers.  The teller originally named in the first-degree robbery charge testified that she was present when the armed robber emptied the teller drawers.

(8)    The State moved to amend the indictment under Superior Court Criminal Rule 7(e) to name the bank manager instead of the teller as the victim in the first-degree robbery count.  Grimes, whose defense was that he did not commit the robbery and was forced to act as the getaway driver, objected to the amendment

[3] *Claudio v. State*, 958 A.2d 846, 850 (Del. 2008).
[4] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

on the basis that he only asked the teller, not the bank manager, if she saw anyone help the robber flee.[5] He also requested a mistrial. Sells also objected to the amendment. The Superior Court held that the amendment was permissible under Rule 7(e) and denied Grimes's motion for a mistrial. Neither Grimes nor Sells argued that the Superior Court erred in amending the indictment in their first appeals. Grimes also did not make this argument during his second trial[6] and second appeal.

(9) As the Superior Court recognized, Grimes's claims regarding the amendment of the indictment are barred by Rule 61(i)(3) because he did not raise those claims in his first appeal, second trial, or second appeal. Rule 61(i)(3) bars claims for postconviction relief that were not raised during the proceedings leading to a judgment of conviction, unless the movant can show cause for the procedural default and prejudice from a violation of the movant's rights. Grimes does not attempt to establish cause for the procedural default or prejudice.

(10) Grimes's double-jeopardy claim is barred by Rule 61(i)(4), which bars reconsideration of claims that were previously adjudicated. This Court previously addressed, and rejected, Grimes's argument that double-jeopardy principles prevented the State from retrying him for first-degree robbery after he was acquitted

---

[5] Grimes asked both witnesses if the robber was by himself in the bank, and they answered yes.
[6] The bank manager testified at Grimes's second trial, but the teller originally identified in the first-degree robbery count of the indictment did not. Grimes had the opportunity to cross-examine the bank manager, but did not ask her any questions during the second trial.

of the lesser-included offense of aggravated menacing in his first trial.[7]  Grimes now repackages that claim to argue that amendment of the indictment violated double-jeopardy principles because it resulted in the same person being named the victim of the first-degree robbery charge as well as the lesser included offense of aggravated menacing.   A defendant cannot obtain re-examination of a previously adjudicated claim by refining or restating that claim as Grimes does here.[8]

(11)   To overcome these procedural bars, Grimes appears to rely upon Rule 61(i)(5), which provides that the procedural bars do not apply to a claim that the trial court lacked jurisdiction.[9]   Grimes argues that the improper amendment of the indictment divested the Superior Court of jurisdiction.  This claim is without merit.

(12)   "Under Delaware law, the Superior Court may amend an indictment at any time prior to verdict as long as 'no additional or different offense is charged and if substantial rights of the defendant are not prejudiced.'"[10]  The Superior Court concluded that changing the name of the robbery victim from the teller originally named in the indictment to the bank manager was permissible because it did not

---

[7] *See supra* n.2.

[8] *Skinner v. State*, 607 A.2d 1170, 1773 (Del. 1992).

[9] Rule 61(i)(5) also provides that the procedural bars do not apply to a claim that satisfies 61(d)(2)(i) (new evidence that creates a strong inference of actual innocence) or (d)(2)(ii) (a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or this Court, applies to the movant's case and renders the conviction invalid), but Grimes does not invoke these provisions.

[10] *Owens v. State*, 919 A.2d 541, 545-46 (Del. 2006) (quoting Super. Ct. Crim. R. 7(e)).

result in additional or different offenses charged and that Grimes's substantial rights were not prejudiced. This Court upheld a similar amendment in *Coffield v. State*.[11]

(13) In *Coffield*, the Superior Court permitted amendment of the indictment to change the name of the first-degree robbery victim from a convenience store employee who was forced to lie on the floor at gunpoint to the convenience store employee who was forced to hand over the money to the robber. This Court held that "where no other prejudice to the defendant exists, the name of the alleged human victim is not an essential element of the crime of Robbery First Degree and the amendment of that portion of the indictment does not violate an individual's right under the Delaware Constitution to be charged for that felony by a grand jury indictment."[12] The Court also concluded that the defendant was not prejudiced by the amendment because both indictments put him on notice that he was charged with robbing an individual at a convenience store on a particular day and that the defense was aware that the originally named victim and newly named victim were both present at the time of the crime and could be called as witnesses.

---

[11] 794 A.2d 588 (Del. 2002). *See also Cuffee v. State*, 2014 WL 5254614, at *3 (Del. Oct. 14, 2014) (affirming the Superior Court's amendment of indictment that changed the name of the victim of the theft count).

[12] *Coffield*, 794 A.2d at 593.

(14)  As in *Coffield*, the amendment of the indictment in this case did not result in Grimes being charged with different or additional offenses.[13]  Nor was he prejudiced by the amendment.  Both the bank teller and bank manager were named as victims of the crimes in the bank in the original indictment so Grimes knew they were both witnesses to the robbery.  Grimes elicited testimony from both witnesses in the first trial that the robber acted by himself in the bank, which was favorable to his defense that he did not participate in the bank robbery.  In the second trial, he did not call the teller as a witness or try to obtain any testimony from the bank manager.  Changing the name of the robbery victim did not prejudice Grimes's defense.  The Superior Court did not err in permitting amendment of the indictment, and was not divested of jurisdiction.[14]  Nor did the Superior Court err in finding that Grimes's postconviction claims were procedurally barred under Rule 61 and denying his motion for postconviction relief.

---

[13] This is unlike the case that Grimes relies upon—*U.S. v. Williams*, 412 F.2d 625 (3d Cir. 1969)—in which the district court's amendment of the indictment changed the offense that the defendant was charged with from illegal possession of a firearm not registered under the National Firearms Act to illegal possession of a firearm for which no tax been paid.  Because the amendment was substantive, the Third Circuit concluded that the district court lost jurisdiction to impose any penalty in the absence of a grand jury indictment.  *Williams*, 412 F.2d at 628.
[14] The Superior Court had jurisdiction over all of the felonies, including first-degree robbery, that Grimes was charged with.  Del. Const. art. IV, § 7; 10 *Del. C.* § 2701(c); 11 *Del. C.* § 541.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice