IN THE SUPREME COURT OF THE STATE OF DELAWARE

SAYVON SMILEY, §
§ No. 231, 2023
Defendant Below, §
Appellant, § Court Below—Superior Court
§ of the State of Delaware
v. §
§ Cr. ID No. 2109011953
STATE OF DELAWARE, §
§
Appellee. §

Submitted: March 27, 2024
Decided: May 28, 2024

Before **VALIHURA**, **TRAYNOR**, and **GRIFFITHS**, Justices.

## **ORDER**

On this 28th day of May 2024, after consideration of the parties' briefs and the record below, it appears to the Court that:

(1) The appellant, Sayvon Smiley, appeals a Superior Court jury verdict finding him guilty of three counts of fourth-degree rape of a fifteen-year-old girl, T.B.[1] For the reasons set forth below, we affirm the judgments of the Superior Court.

(2) In October 2021, Smiley was indicted on three felony counts of rape. Count I charged Smiley with fourth-degree rape occurring "on or between January

---

[1] The Court, *sua sponte*, has assigned a pseudonym to the non-party victim under Supreme Court Rule 7(d).

1, 2021 and May 15, 2021[,]" while T.B. was under sixteen years old.[2] Counts II and III of the indictment charged Smiley with third-degree rape, occurring May 15 and 16, 2021, while T.B. was under sixteen years old and Smiley was at least ten years older.[3]

(3) Smiley's case proceeded to trial. Prior to jury selection, the State moved to amend Counts II and III of the indictment to change the degree of rape from third to fourth degree.[4] The State did so because third-degree rape requires that the defendant be at least ten years older than the victim and Smiley was only "nine years and some . . . months" older than T.B.[5] The court granted the State's motion to amend the indictment and commenced with trial.[6]

(4) T.B. was the State's primary witness. She testified that she began communicating with Smiley through Instagram in summer 2020. During these conversations, T.B. told Smiley that she was fourteen years old, and he told her that he was twenty-three years old. After messaging for several months, T.B. met with

---

[2] App. to Opening Br. at A5. "A person is guilty of rape in the fourth degree when the person . . . [i]ntentionally engages in sexual intercourse with another person, and the victim has not yet reached that victim's sixteenth birthday[.]" 11 *Del. C.* § 770(a)(1).

[3] App. to Opening Br. at A5–6. "A person is guilty of rape in the third degree when the person . . . [i]ntentionally engages in sexual intercourse with another person, and the victim has not reached that victim's sixteenth birthday and the person is at least 10 years older than the victim[.]" 11 *Del. C.* § 771(a)(1).

[4] App. to Opening Br. at A15.

[5] *Id.*

[6] *Id.* at A16 ("The Court: Isn't [fourth-degree rape] a lesser included? [Smiley's Counsel]: I did think that, Your Honor. . . . I would probably defer to the Court on that. . . . [T]hat would be probably the argument against me. . . . The Court: We'll allow the amendment.").

Smiley at the mall. After this initial meeting at the mall, the two regularly met at Smiley's house where they smoked marijuana and engaged in sexual intercourse. T.B. testified that from January 1 through May 14, 2021, while she was fifteen years old, she visited Smiley's house several times and had sexual intercourse with him on most of those visits.[7]

(5) T.B. testified that her first and only overnight stay with Smiley occurred on May 15, 2021. On that day, she went to Smiley's house, smoked marijuana, had sexual intercourse with him one time, and then fell asleep. She told the jury that on the morning of May 16, she woke up to Smiley putting his penis into her vagina. When T.B. protested, Smiley began hitting her in the face. After the physical altercation, T.B.'s friend picked her up from Smiley's house and took her home. When she got home, T.B. took a shower and went to bed.

(6) The following day, T.B. told her mother about the sexual encounters and physical altercation with Smiley. T.B.'s mother immediately took her to the hospital where T.B. underwent a physical examination and vaginal swab. She was later interviewed by the police. Detective Daniel Elwood of the New Castle County Police Department testified that the swabs of T.B.'s genitalia tested negative for both sperm and male DNA. Kelly Liddell, a forensic nurse examiner, performed T.B.'s

---

[7] *Id.* at A53.

physical exam and observed an injury to her hymenal tissue consistent with penetrative trauma.

(7)     Smiley called two witnesses in his defense:  his mother, Kena Smiley; and his aunt, Iris Smiley.  Smiley and Iris lived in Kena's house.  Kena testified that she did not see or hear any guests in her home on May 15 or 16.  Iris also testified that she did not see or hear any guests in the house on either day.  Both women testified that they rarely went to the basement where Smiley's bedroom and bathroom were located.

(8)     After the close of evidence, Smiley moved to dismiss the indictment. He did so because, as the indictment was written, the jury might convict him of two counts of fourth-degree rape based upon a single act of rape on May 15, 2021 as the date ranges originally listed for Counts I and II overlapped on that day.[8]  To correct this issue, the State moved to amend the date range in Count I from May 15, 2021 to May 14, 2021.[9]  With the amendment, Count I covered almost the entirety of the time T.B. spent with Smiley (January 1, 2021 to May 14, 2021), while Count II exclusively focused on the first day of her overnight stay with Smiley (May 15, 2021).[10]  The Superior Court granted the State's second motion to amend the

---

[8] *Id.* at A291–92.

[9] *Id.* at A297.

[10] Count III, which was not amended, focused on the morning following T.B.'s first overnight stay with Smiley (May 16, 2021).

4

indictment, undercutting Smiley's motion to dismiss.[11]  Smiley also moved for a judgment of acquittal, arguing that T.B.'s testimony was insufficiently detailed to sustain his conviction for fourth-degree rape as charged in Count I of the indictment.[12]  The court reserved its decision on the motion, allowing the charge to go to the jury.[13]

(9)  The jury found Smiley guilty of all charges.  After the verdict was returned and upon Smiley's inquiry, the court indicated that his prior motion for judgment of acquittal was "still open."[14]  Smiley was subsequently sentenced to nine years of imprisonment at Level V supervision, suspended after six months for decreasing levels of supervision.  Smiley appealed.

(10)  Smiley makes two arguments on appeal.  He first argues that the Superior Court erred when it granted the State's motions to amend his indictment to change (i) the degree of rape charged in Counts II and III, and (ii) the date of the crime charged in Count I.  And second, Smiley argues that the court erred in failing to grant his motion for judgment of acquittal on Count I.  We address each argument in turn.

---

[11] *Id.* at A301.  At trial, Smiley agreed that the State's motion to amend the date of the crime charged in Count I of the indictment mooted his motion to dismiss the indictment.  *Id.* at A306.

[12] *Id.* at A306–07.

[13] *Id.* at A308.

[14] *Id.* at A353.  The record on appeal indicates that the trial court never revisited Smiley's motion for judgment of acquittal below.  For the purposes of deciding this appeal, the Court accepts Smiley's framing of the Superior Court's non-action as a denial.

(11) First, the State's motions to amend Smiley's indictment were properly granted. We review a trial court's decision on a motion to amend an indictment for abuse of discretion.[15] Superior Court Criminal Rule 7(e) serves the dual purpose of protecting the accused's constitutional rights to indictment by grand jury and due process.[16] Under Rule 7(e), the Superior Court may permit an amendment to the indictment at any time before the verdict "if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced."[17]

(12) Allowing the State to decrease the degree charged in Counts II and III from third- to fourth-degree rape was permissible. Fourth-degree rape is a lesser-included offense of third-degree rape.[18] Generally, an amendment to an indictment charging a defendant with a lesser-included offense does not violate Rule 7(e).[19] Under settled Delaware law, a defendant may be convicted of an unindicted offense if it "is established by proof of . . . less than all the facts required to establish" a

---

[15] *Tingle v. State*, 815 A.2d 349, 2003 WL 141269, at *2 (Del. Jan. 17, 2003) (ORDER) (citing *Coffield v. State*, 794 A.2d 588, 590 (Del. 2002)).

[16] *Coffield*, 794 A.2d at 591.

[17] Super. Ct. Crim. R. 7(e).

[18] *See* 11 *Del. C.* § 206(b). *Compare* 11 *Del. C.* § 770(a)(1) (fourth-degree rape), *with* 11 *Del. C.* § 771(a)(1) (third-degree rape).

[19] *See Scarpone v. State*, 511 A.2d 1, 1986 WL 16039, at *1 (Del. June 11, 1986) (ORDER) ("A defendant may be convicted of an offense not charged in the indictment if that crime is included in an offense charged in the indictment. The offense of third-degree assault is clearly a lesser-included offense of second-degree assault. Thus, the trial judge did not err in permitting the State to amend its indictment[.]"); *accord Shockley v. State*, 854 A.2d 1159, 2004 WL 1790198, at *2 (Del. Aug. 2, 2004) (ORDER); *Rogers v. State*, 839 A.2d 666, 2003 WL 22957024, at *2 (Del. Dec. 12, 2003) (ORDER); *State v. Hester*, 2012 WL 5364690, at *4 (Del. Super. Oct. 9, 2012); *State v. Grossberg*, 1998 WL 278391, at *1 (Del. Super. Apr. 13, 1998).

6

charged crime.[20] Prosecution for these unindicted, lesser-included offenses "effectively commence[s]" on "the date of the original indictment."[21] Consequently, no additional or different offense was charged by the amendment's mere recognition that Smiley had already been implicitly charged with fourth-degree rape in the original indictment under Counts II and III. In addition, the amendment did not prejudice Smiley as he was on notice of the need to prepare a defense for the lesser-included offenses of third-degree rape of which the jury could convict him.[22]

(13) Amending the indictment to change the date of the crime charged in Count I was also permissible. The amendment to Count I did not charge Smiley with a different or additional offense under Rule 7(e). Unless the date of the criminal act is an essential element of the crime, a change in the alleged date of the offense will not create a different or additional offense.[23] Although potentially relevant to

---

[20] 11 *Del. C.* § 206(b) ("A defendant may be convicted of an offense included in an offense charged in the indictment[.]"); *see also Ward v. State*, 575 A.2d 1156, 1158 (Del. 1990) ("A defendant may be convicted of a crime for which he has not been indicted if all of the elements of the crime are included in the definition of the crime with which he has been charged.") (citing 11 *Del. C.* § 206(b); *Mackie v. State*, 384 A.2d 625, 627 (Del. 1978)); *Cane v. State*, 560 A.2d 1063, 1066 (Del. 1989) ("A lesser included offense is, by definition, an offense for which a defendant may be convicted under an original charge.") (citing *Dutton v. State*, 452 A.2d 127 (Del. 1982)).

[21] *Cane*, 560 A.2d at 1066.

[22] *See* 11 *Del. C.* § 206(b); *Clark v. State*, 287 A.2d 660, 664 (Del. 1972) ("[A defendant] is presumed to know the statutes and existing rules of law of this state[.]").

[23] *See Abrams v. State*, 696 A.2d 396, 1997 WL 398942, at *1 (Del. June 26, 1997) (ORDER) ("If the date is not essential or material to the crime charged, an error in the indictment as to the date of an offense is merely a defect of form, not a defect of substance.") (citing *State v. Blendt*, 120 A.2d 321, 322 (Del. Super. 1956)).

7

establish the victim's age, the date of the offense is not, by itself, an essential element of fourth-degree rape.[24]

(14) Further, Smiley was not prejudiced by the amendment to Count I. "[I]f the original indictment, when viewed with the amendment, is sufficiently certain and understandable to enable the defendant to prepare his defense" at trial, the defendant will not be prejudiced.[25] While arguing against the amendment to Count I following the close of evidence, Smiley's counsel expressed that he understood from the indictment that a defense would have to be prepared for the allegations of rape between January 1, 2021 and May 14, 2021.[26] Notably, Smiley's defense strategy primarily focused on the lack of physical evidence and the alleged inconsistencies in T.B.'s testimony.[27] No part of Smiley's defense was dependent upon the date of

---

[24] *See Pritchard v. State*, 842 A.2d 1244, 2004 WL 249419, at *1 (Del. Feb. 4, 2004) (ORDER) ("[T]he crime of rape in the fourth degree has only two elements:  1) intentional sexual intercourse, 2) with a person under the age of 16.") (citing 11 *Del. C.* § 770(a)(1)); *State v. Bittenbender*, 2001 WL 789663, at *2 (Del. Super. June 25, 2001) (denying a motion for a bill of particulars in part because the date of the offense was not an essential element of fourth-degree rape).

[25] *Guess v. State*, 813 A.2d 1140, 2003 WL 60491, at *2 (Del. Jan. 6, 2003) (ORDER) (citing *Coffield*, 794 A.2d at 593).

[26] App. to Opening Br. at A295 ("The Court: Did you assume it was only May 15th?  [Smiley's Counsel]: I did not . . . . The Court: Okay.  Did you assume as you're preparing for this that it was only May 15th?  [Smiley's Counsel]: I knew there [were] allegations of something prior to that[.]").

[27] *Id*. at A337 (Smiley's Closing Argument) ("Because if you rely on the science, the fact that there was no marijuana in her system, there was no DNA that proved that there was any sex between [Smiley] and [T.B.], if you rely on the science, then you'll have to find Mr. Smiley not guilty of the rape charges that he's accused of.").

8

the crimes.[28] Accordingly, the Superior Court did not err when it granted the State's motions to amend the indictment.

(15) Second, the trial court did not err in failing to grant Smiley's motion for judgment of acquittal. When reviewing the denial of a motion for judgment of acquittal, this Court examines *de novo* "whether any rational trier of fact, viewing the evidence and all reasonable inference to be drawn therefrom in the light most favorable to the State, could find the defendant guilty beyond a reasonable doubt of all the elements of the crime."[29] A rational trier of fact may find a defendant guilty beyond a reasonable doubt based on "a victim's testimony alone, concerning alleged sexual contact" when such testimony "establishes every element of the offense charged."[30]

(16) T.B.'s trial testimony established every element of fourth-degree rape as charged in Count I. A defendant is guilty of fourth-degree rape when the State establishes, beyond a reasonable doubt, that the defendant engaged in "intentional

---

[28] *See Roberts v. State*, 710 A.2d 218, 1998 WL 231269, at *1 (Del. May 1, 1998) (ORDER) (holding amendment of indictment to allege that "property" rather than "U.S. currency and/or other valuables" was taken during a robbery was not prejudicial where defense at trial was "a total denial that the incident ever occurred").

[29] *Hopkins v. State*, 293 A.3d 145, 150 (Del. 2023) (citing *Ways v. State*, 199 A.3d 101, 106–07 (Del. 2018)).

[30] *Taylor v. State*, 982 A.2d 279, 285 (Del. 2008) (citing *Farmer v. State*, 844 A.2d 297, 300 (Del. 2004)).

sexual intercourse" with "a person under the age of [sixteen]."[31]  Under Count I, as amended, the relevant criminal conduct was alleged to have occurred sometime between January 1 and May 14, 2021.[32]  T.B. testified that, during this time period, Smiley had sexual intercourse with her more than once while she was fifteen years old.[33]  A rational trier of fact could have credited her testimony and, accordingly, found Smiley guilty of fourth-degree rape beyond a reasonable doubt.[34]  The Superior Court's failure to grant Smiley's motion for judgment of acquittal was therefore not error.

NOW, THEREFORE, IT IS ORDERED that the judgments of the Superior Court are AFFIRMED.

BY THE COURT:

*/s/ N. Christopher Griffiths*
Justice

---

[31] *Pritchard*, 2004 WL 249419, at *1 (citing 11 *Del. C.* § 770(a)(1)).  "Sexual intercourse" is "[a]ny act of physical union of the genitalia . . . of 1 person with the . . . genitalia of another person.  It occurs upon any penetration, however slight.  Ejaculation is not required."  11 *Del. C.* § 761(h).
[32] App. to Opening Br. at A5, A301.
[33] *Id.* at A53 ("Q. So from January 1, 2021, through May 14, 2021, you were going to [Smiley's] house a couple of times?  A. Yeah. . . . Q. Now, once you got to his house, can you tell me what happened at his house?  A. Sex.  Q. And can you describe what that means to you, sex?  A. Penis in the vagina."); *id.* at A54. ("Q. At that point in January to May 14th, you would ha[ve] been how old?  A. Fifteen.").
[34] *Farmer*, 844 A.2d at 300 (collecting sources) (noting the trier of fact may properly accept the testimony of the complaining witness to establish all elements of fourth-degree rape).