**Kyle FARMER, Defendant Below, Appellant,**

v.

**STATE of Delaware, Plaintiff Below, Appellee.**

**No. 232,2003.**

Supreme Court of Delaware.

Submitted: Jan. 21, 2004.
Decided: March 9, 2004.

---

Colin P. Dunlavey, Assistant Public Defender, Wilmington, for appellant.

John Williams, Department of Justice, Dover, for appellee.

Before VEASEY, Chief Justice, HOLLAND and JACOBS, Justices.

HOLLAND, Justice:

The juvenile defendant-appellant, Kyle Farmer, was arrested and arraigned on charges of Attempted Rape in the Second Degree without consent[1] and Unlawful Imprisonment in the Second Degree.[2] The trial took place in the Family Court. On the date of trial, the State amended the original Attempted Rape charge to Attempted Rape in the Fourth Degree.[3] Farmer was found delinquent on the charge of Attempted Rape in the Fourth Degree.

### Issue on Appeal

Farmer has raised one issue in this direct appeal. Farmer argues that the record contains insufficient evidence to support a finding of Attempted Rape in the Fourth Degree. Specifically, Farmer's contention is that the only evidence of Farmer's intent to penetrate the victim's vagina is the testimony of the victim herself. Farmer argues that the victim's testimony is insufficient to establish his intent. We disagree and conclude that the judgment of the Family Court must be affirmed.

### Facts

On May 21, 2002, twelve-year old Cindy Brogan was a seventh grade student.

---

1. Del.Code Ann. tit. 11, §§ 531, 772 (2001).

2. Del.Code Ann. tit 11, § 781 (2001).

3. Del.Code Ann. tit. 11, § 770 (2001).

During her bus ride home from school that afternoon, Brogan changed seats. When she went to sit down, another student named Richard sat in the seat first, intentionally causing Brogan to sit on Richard's lap.

Richard then held Brogan's hands behind her back. Other students on the bus began to crowd around Brogan. Richard called Kyle Farmer,[4] the juvenile defendant, over to the seat. Farmer sat on Brogan's legs facing her.

According to Brogan, she could not move her legs and Farmer undid her pants and placed his hand inside her underwear. Brogan testified that when Farmer undid her pants, she told him to "get off and stop" and that Farmer "tried to stick his finger in me." The attack ended when Richard released her arms when he had to exit the bus. At that point, Brogan was crying.

After she got off the bus, Brogan immediately reported the assault to her grandmother. Brogan was examined at approximately 7:30 p.m. that same evening at the duPont Hospital for Children emergency department. At the hospital, Brogan recounted a similar version of the afternoon bus incident to Dr. Fred Fow, the examining physician.

Two other eyewitnesses, Jennifer Osgood and Sean James, testified at trial to a similar account of the sexual assault of Brogan by Farmer. Osgood recalled that both Richard and James grabbed Brogan's arms and that Farmer "was trying to get down her skirt." According to Osgood, Brogan was screaming for help and trying to get away. Brogan was crying after the attack and Osgood got off the bus with her.

In his trial testimony, James stated that he initially pushed Brogan down because he thought she and the others were simply playing. James also confirmed that Richard locked Brogan's hands behind her back while Farmer "put his hands in her pants." According to James, Brogan was screaming for the boys to "stop." James also saw Brogan crying after the bus attack.

Thirteen-year old Kyle Farmer testified in his own defense at trial. While acknowledging that Brogan was crying on the bus, Farmer denied putting his hands down her pants or skirt. In his videotaped statement to the Wilmington police shortly after the May 21, 2002 bus incident, Farmer stated that it was Richard who held Brogan's arms behind her back and reached into her pants.

### Family Court Decision

Farmer was found delinquent on the charge of Attempted Rape in the Fourth Degree. The Family Court judge determined that the testimony of the complaining witness, and two other eyewitnesses, Osgood and James, more credible than Farmer's claim of innocence. Accordingly, the trial judge, who sat as the trier of fact in the proceeding, rejected the thirteen-year-old defendant's trial testimony.

The Family Court judge sentenced Farmer to twelve months at Level III juvenile probation, along with thirty hours of community service. The sentencing order also provided that Farmer have no contact with the victim, continue counseling at Delaware Guidance, enroll in sex offender counseling. Farmer was registered as a Tier II sex offender.

---

4.  Pursuant to Del.Supr. Ct. R. 7(d), this Court has selected a pseudonym to identify the juvenile victim, juvenile defendant and the juvenile witnesses.

### Elements of Offense

■ This Court must determine *de novo* "whether any rational trier of fact, viewing the evidence in the light most favorable to the State, could find [a] defendant guilty beyond a reasonable doubt."[5] A conviction of Rape in the Fourth Degree requires the State to prove beyond a reasonable doubt that the defendant "intentionally engage[d] in sexual penetration with another person ... [who] has not yet reached his or her sixteenth birthday."[6] Accordingly, the State's evidence must establish intent, sexual penetration, and that the victim was less than sixteen years old.

"Sexual penetration" is defined by statute as: "The unlawful placement of an object ... inside the anus or vagina of another person ...."[7] The term "object" includes "any part of the body."[8] A person acts "intentionally" with respect to an element of a criminal offense when "it is the person's conscious object to engage in conduct of that nature or cause that result ...."[9]

A person is guilty of Attempt to commit a crime if the defendant "[i]ntentionally does or omits to do anything which, under the circumstances as the person believes them to be, is a substantial step in a course of conduct planned to culminate in the commission of the crime by the person."[10] The term "substantial step" is defined as "an act or omission which leaves

no reasonable doubt as to the defendant's intention to commit the crime which the defendant is charged with attempting."[11]

### State's Evidence Sufficient

■ It is now well established that a victim's testimony alone, concerning alleged sexual contact, is sufficient to support a guilty verdict if it establishes every element of the offense charged.[12] Brogan testified that, despite Farmer's persistent attempts to penetrate her with his finger, he failed because her legs were closed so tightly while he was sitting on her lap. As the trier of fact and sole judge of witness credibility, the Family Court judge could properly decide to reject Farmer's testimony and to accept the contrary testimony of the complaining witness and the two eyewitnesses.[13] The record reflects that the testimony of Brogan was sufficient to establish beyond a reasonable doubt all elements of Attempted Rape in the Fourth Degree, including Farmer's intent to sexually penetrate her with his finger.

### Conclusion

Viewing the State's evidence, including all reasonable inferences from that evidence, in the light most favorable to the State, a rational trier of fact could have found each of the statutory elements of Attempted Rape in the Fourth Degree

---

5. *Monroe v. State*, 652 A.2d 560, 563 (Del. 1995).

6. Del.Code Ann. tit. 11, § 770(a)(3) (2001).

7. Del.Code Ann. tit. 11, § 761(g)(1) (2001).

8. Del.Code Ann. tit. 11, § 761(c) (2001).

9. Del.Code Ann. tit. 11, § 231(a)(1) (2001).

10. Del.Code Ann. tit. 11, § 531 (2001).

11. Del.Code Ann. tit. 11, § 532 (2001).

12. *Hardin v. State*, 840 A.2d 1217, 1224 (Del. 2003).

13. *See Knight v. State*, 690 A.2d 929, 932 (Del.1996) (trier of fact sole judge of witness credibility); *Quarles v. State*, 696 A.2d 1334, 1340 (Del.1997); *Robertson v. State*, 630 A.2d 1084, 1095 (Del.1993); *Chao v. State*, 604 A.2d 1351, 1363 (Del.1992); *Pryor v. State*, 453 A.2d 98, 100 (Del.1982); *Tyre v. State*, 412 A.2d 326, 330 (Del.1980).

beyond a reasonable doubt.[14] The judgment of the Family Court is affirmed.

14. *See generally Seward v. State,* 723 A.2d 365, 369 (Del.1999); *Cline v. State,* 720 A.2d 891, 892 (Del.1998).