# IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| WILLIAM BESSICKS, | § | |
| | § | No. 431, 2016 |
| Defendant Below- | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1504001053B |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted: February 15, 2017
Decided: April 13, 2017

Before **VALIHURA**, **VAUGHN**, and **SEITZ**, Justices.

## O R D E R

This 13th day of April 2017, upon consideration of the appellant's Supreme Court Rule 26(c) brief, the State's response, and the record below, it appears to the Court that:

(1)     On June 1, 2016, a Superior Court jury found the appellant, William Bessicks, guilty of Possession of a Firearm by a Person Prohibited ("PFBPP") and Possession of Ammunition by a Person Prohibited ("PABPP").[1]   The Superior Court sentenced Bessicks as follows: (i) for PFBPP, five years of Level V incarceration with credit for 72 days served, followed by Level IV Work Release; and (ii) for PABPP, eight years of

---

[1] Bessicks' first trial on these charges ended in a mistrial.

Level V incarceration, suspended for one year of Level III probation. This is Bessicks' direct appeal.

(2)     On appeal, Bessicks' counsel ("Counsel") filed a brief and a motion to withdraw pursuant to Supreme Court Rule 26(c) ("Rule 26(c)"). Counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues. Counsel informed Bessicks of the provisions of Rule 26(c) and provided Bessicks with a copy of the motion to withdraw and the accompanying brief. Counsel also informed Bessicks of his right to identify any points he wished this Court to consider on appeal. Bessicks has raised an issue for this Court's consideration. The State has responded to the issue raised by Bessicks and moved to affirm the Superior Court's judgment.

(3)     When reviewing a motion to withdraw and an accompanying brief, this Court must: (i) be satisfied that defense counsel has made a conscientious examination of the record and the law for arguable claims; and (ii) conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[2]

---

[2] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *Leacock v. State*, 690 A.2d 926, 927-28 (Del. 1996).

2

(4) The trial record in this case reflects that, on April 2, 2015, Delaware State Police executed search warrants at two residences in Magnolia. One of the residences was a blue mobile home. When the police arrived at the mobile home to execute the search warrant, they found Bessicks, his girlfriend, and several children present.

(5) During the search, the police found a box of ammunition in a plastic bag hanging over the nightstand on the left side of the bed in the master bedroom. There was male clothing on the left side of the bed. The police found a magazine for a .22 caliber handgun under the right side of the mattress. The police found a loaded .22 caliber handgun on the floor of the bedroom closet. At the mobile home, Bessicks told the police the items under the mattress belonged to him. Bessicks' girlfriend told the police, in Bessicks' earshot, that she once had a handgun in the home, but she had given it away to a homeless person in the area.

(6) The police subsequently interviewed Bessicks and his girlfriend at the police station. After receiving *Miranda* warnings, Bessicks told the police he and his girlfriend had the gun because of violence in the neighborhood. He said he knew they should not have the gun in the house, but they had to do something. Bessicks also said his girlfriend got the gun from a junkie and he told her the gun was unnecessary and unwise.

According to Bessicks, his girlfriend told him that she gave the gun away. As to the box of ammunition over the nightstand, Bessicks said a friend gave it to him because it was the right type of ammunition for the gun. Bessicks put the box of ammunition in a bag and forgot about it.

(7) Bessicks' girlfriend told the police that the gun and magazine belonged to her. At trial, Bessicks' girlfriend testified that the gun, magazine, and box of ammunition belonged to her and Bessicks never touched them. Bessicks' girlfriend pled guilty to possession of the gun. She testified that she obtained the gun due to violence in the neighborhood. She admitted that she was not truthful when she told the police at the house that she had given the gun away.

(8) The police did not attempt to collect any fingerprint or DNA evidence from the gun. A certified Superior Court record showing Bessicks' 2005 conviction for Robbery in the Second Degree was admitted into evidence. The jury found Bessicks guilty of PFBPP and PABPP.

(9) On appeal, Bessicks argues there was insufficient evidence to support his PFBPP conviction. Bessicks claims he could not possess a gun his girlfriend told him she gave away. Bessicks also emphasizes that his girlfriend testified the gun belonged to her and that Bessicks never touched the gun.

4

(10) Generally, we review a sufficiency of evidence claim *de novo* to determine whether any rational trier of fact, viewing the evidence in the light most favorable to the State, could have found the defendant guilty beyond a reasonable doubt.[3] Here, however, Bessicks did not move for a directed verdict or judgment of acquittal so we review this claim for plain error.[4] "[P]lain error is limited to material defects which are apparent on the face of the record; which are basic, serious and fundamental in their character, and which clearly deprive an accused of a substantial right, or which clearly show manifest injustice."[5]

(11) A conviction for PFBPP requires proof that the defendant is a prohibited person and that he knowingly "possesses, purchases, owns or controls a deadly weapon or ammunition for a firearm."[6] As to possession, sufficient evidence of constructive possession will support a PFBPP conviction.[7] To prove constructive possession of a firearm, the State must show that the defendant: (i) knew the location of the gun; (ii) had the ability to exercise dominion and control over the gun; and (iii) intended to exercise

[3] *Farmer v. State*, 844 A.2d 297, 300 (Del. 1990).

[4] Supr. Ct. R. 8; *Swan v. State*, 820 A.2d 342, 358 (Del. 2003).

[5] *Wainwright v. State*, 504 A.2d 1096, 1100 (Del. 1986).

[6] 11 *Del. C.* § 1448(b).

[7] *Lecates v. State*, 987 A.2d 413, 426 (Del. 2009).

dominion and control over the gun.[8] Constructive possession may be proven with circumstantial evidence.[9] Establishing PFBPP does not require evidence that the weapon was physically available and accessible to the defendant at the time of arrest.[10]

(12) There is no plain error here. There was sufficient evidence to support Bessicks' PFBPP conviction. The trial record reflects that Bessicks was a prohibited person because he was convicted of Robbery in the Second Degree in 2005.[11] The trial record further reflects Bessicks told the police he and his girlfriend had the gun for protection, Bessicks and his girlfriend shared the bedroom with the closet where the gun was found, and Bessicks kept a box of ammunition that could be used with the gun. As the sole judge of the witness' credibility,[12] the jury could find the testimony of Bessicks' girlfriend that she had sole possession of the gun not credible.

(13) This Court has reviewed the record carefully and has concluded that Bessicks' appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that Counsel has made a

---

[8] *Id.*
[9] *Id.*
[10] *Id.* at 420-21.
[11] 11 *Del. C.* § 1448(a)(1).
[12] *Pryor v. State*, 453 A.2d 98, 100 (Del. 1982).

6

conscientious effort to examine the record and the law and has properly determined that Bessicks could not raise a meritorious claim in this appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.

BY THE COURT:

_____
Justice

7