IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| KENNARD TERRY, | § | |
| | § | Consol. Nos. 521, 2016 and |
| Defendant Below- | § | 543, 2016 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 1507014451 |
| | § | |
| Plaintiff Below- | § | |
| Appellee. | § | |
| | § | |

Submitted: July 6, 2017
Decided: August 4, 2017

Before **VALIHURA, VAUGHN,** and **SEITZ,** Justices.

## ORDER

This 4th day of August 2017, upon consideration of the appellant's Supreme Court Rule 26(c) brief, the State's response, the appellant's motion for appointment of new counsel, and the record below, it appears to the Court that:

(1)     On July 27, 2016, a Superior Court jury found the appellant, Kennard Terry, guilty of Assault in the Second Degree, Possession of a Deadly Weapon During the Commission of a Felony ("PDWDCF"), and Possession of a Deadly Weapon by a Person Prohibited ("PDWBPP"). After granting the State's motion to declare Terry a habitual offender under 11 *Del.*

*C.* § 4214(d), the Superior Court sentenced Terry to ten years of non-suspended Level V time with credit for 242 days previously served. This is Terry's direct appeal.

(2) On appeal, Terry's counsel ("Counsel") filed a brief and a motion to withdraw pursuant to Supreme Court Rule 26(c) ("Rule 26(c)"). Counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues. Counsel informed Terry of the provisions of Rule 26(c) and provided Terry with a copy of the motion to withdraw and the accompanying brief. Counsel also informed Terry of his right to identify any points he wished this Court to consider on appeal. Terry has raised several issues for this Court's consideration. The State has responded to the issues raised by Terry and moved to affirm the Superior Court's judgment.

(3) When reviewing a motion to withdraw and an accompanying brief, this Court must: (i) be satisfied that defense counsel has made a conscientious examination of the record and the law for arguable claims; and (ii) conduct its own review of the record and determine whether the appeal is

2

so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[1]

(4)  At trial, Arthur Freeman, an acquaintance of Terry, testified that while he was at a neighbor's place on July 18, 2015, Terry called to tell him he should stop hanging out with a certain woman. Terry also said he was kicking the door of Freeman's apartment. After Freeman went to his apartment, Terry hit him.

(5)  Freeman returned to his neighbor's place to discuss what happened with Terry. Freeman left his neighbor's place again and ran into Terry outside the door. Freeman and Terry began tussling. According to Freeman, Terry stabbed him in the back of his neck with a box cutter knife. Freeman was taken to the hospital. An emergency room nurse testified Freeman came to the hospital with four stab wounds to his neck and shoulder. Emergency room records indicated Freeman was intoxicated when he arrived at the hospital and suffered from Post-Traumatic Stress Disorder ("PTSD").

(6)  Detective Brian Shahan testified that he obtained an arrest warrant for Terry. As Detective Shahan approached Terry's residence in an unmarked car, he saw Terry's car, a green Jeep. Detective Shahan saw the

---

[1] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *Leacock v. State*, 690 A.2d 926, 927-28 (Del. 1996).

3

Jeep drive away at a high rate of speed. Detective Shahan did not see who was driving the Jeep, but believed that Terry saw his unmarked car and fled in the Jeep. Terry was subsequently arrested. The police did not find a box cutter knife or a similar instrument in their search of Terry's residence and Jeep. Freeman testified that Terry came to his apartment after the incident and said he should have killed Freeman.

(7) The testimony and reports of Officer Daniel McCardle and Detective Shahan reflected that Freeman gave differing accounts of the dispute with Terry to police. Freeman told Officer McCardle that a debt triggered the dispute. Freeman told Detective Shahan that his refusal to drink and party with Terry led to the dispute.

(8) The parties stipulated that Terry was a person prohibited. The jury found Terry guilty of Assault in the Second Degree, PDWDCF, and PDWBPP. Terry filed a *pro se* appeal and Counsel filed an appeal. The appeals were consolidated.

(9) On appeal, Terry primarily attacks Freeman's credibility and mental health. He argues that: (i) Freeman testified he had no mental health issues, but the record reflects he suffered from PTSD; (ii) his testimony regarding the reason for the fight was inconsistent with his statements to the police; (iii) he testified Terry had a weapon, but no weapon was recovered;

4

and (iv) the emergency room records indicate Freeman was intoxicated and suffered from PTSD. All of these matters were raised at trial. The jury is the sole trier of fact responsible for determining witness credibility, resolving any conflicts in the testimony, and drawing all reasonable inferences from the proven facts.[2]

(10) To the extent Terry claims there was insufficient evidence to support his convictions, this claim is without merit. Generally, we review a sufficiency of evidence claim *de novo* to determine whether any rational trier of fact, viewing the evidence in the light most favorable to the State, could have found the defendant guilty beyond a reasonable doubt.[3] Terry did not move for a directed verdict or judgment of acquittal so we review this claim for plain error.[4] "[P]lain error is limited to material defects which are apparent on the face of the record; which are basic, serious and fundamental in their character, and which clearly deprive an accused of a substantial right, or which clearly show manifest injustice."[5]

(11) A conviction for Assault in the Second Degree requires proof that the defendant recklessly or intentionally caused physical injury to another

---

[2] *Morgan v. State*, 922 A.2d 395, 400 (Del. 2007).
[3] *Farmer v. State*, 844 A.2d 297, 300 (Del. 1990).
[4] Supr. Ct. R. 8; *Swan v. State*, 820 A.2d 342, 358 (Del. 2003).
[5] *Wainwright v. State*, 504 A.2d 1096, 1100 (Del. 1986).

person by means of a deadly weapon.[6]  A conviction for PDWDCF requires proof that a defendant possessed a deadly weapon during the commission of a felony.[7]  A conviction for PDWBPP requires proof that the defendant is a prohibited person and that he knowingly "possesses, purchases, owns or controls a deadly weapon or ammunition or a firearm."[8]  A deadly weapon includes a "knife of any sort (other than an ordinary pocketknife carried in a closed position)."[9]

(12)  There is no plain error here.  Freeman testified that Terry stabbed him in the neck with a box cutter knife, the emergency room nurse testified that Freeman was stabbed in the neck and shoulder, medical records and photographs of the stab wounds were admitted into evidence, and the parties stipulated that Freeman was a person prohibited from possessing a deadly weapon.  As the sole judge of the witness' credibility,[10] the jury could find Freeman's testimony that Terry stabbed him credible.  Viewing the evidence in the light most favorable to the State, a rational jury could have found Terry guilty beyond a reasonable doubt of Assault in the Second Degree, PDWDCF, and PDWBPP.

---

[6] 11 *Del. C.* § 612(a)(2).

[7] 11 *Del. C.* 1447(a).

[8] 11 *Del. C.* § 1448(b).

[9] 11 *Del. C.* § 222(5).

[10] *See supra* n.2.

(13) Finally, Terry argues this case belonged in Mental Health Court. There is no indication that Terry's case was eligible for the Mental Health Court or that there was likely to be a collaborative decision to place the case there.[11] This claim is without merit.

(14) This Court has reviewed the record carefully and has concluded that Terry's appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that Counsel has made a conscientious effort to examine the record and the law and has properly determined that Terry could not raise a meritorious claim in this appeal. Terry's motion for appointment of new counsel due to Counsel's motion to withdraw is denied.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot. The motion to appoint new counsel is DENIED.

BY THE COURT:

_____
Justice

---

[11] See http://courts.delaware.gov/superior/mentalhealth/ (providing "*[n]ot eligible for the program* are defendants charged with sex offenses, homicide, domestic violence, weapons offenses, or offenses involving serious bodily injury" and referring to program "collaborative partnership" of, among others, the Superior Court, Department of Justice, and Office of the Public Defender).

7