IN THE SUPREME COURT OF THE STATE OF DELAWARE

QUENTIN JONES,                    §
                                  §    No.   241, 2021
      Defendant Below,            §
      Appellant,                  §    Court Below:   Superior Court
                                  §    of the State of Delaware
      v.                          §
                                  §    Cr. ID. No. 1502002252
STATE OF DELAWARE,                §
                                  §
      Appellee.                   §

Submitted:   March 2, 2022
Decided:   April 18, 2022

Before **SEITZ**, Chief Justice; **VALIHURA**, and **VAUGHN**, Justices.

**O R D E R**

On this 18th day of April 2022, upon consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1)    The Appellant, Quentin Jones, appeals the Superior Court's denial of his Motion to Withdraw a No Contest Plea to two counts of Rape in the Fourth Degree.   Jones claims that the Superior Court erred in denying his motion for three reasons:   1) his plea was not knowing, intelligent, and voluntary; 2) he had a valid claim of legal innocence; and 3) his counsel was inadequate when he entered the plea.   For the reasons that follow, we have concluded that the Superior Court's judgment should be affirmed.

(2) The victim in this case, A. R.-S.,[1] was approximately seven years old when Jones allegedly abused her. At that time, A. R.-S. resided with her father, Antoine Ross, along with Ross's wife and daughter. Jones resided in an RV on the property of Ross's home. A. R.-S. confided to relatives that Jones had touched her inappropriately and raped her. A. R.-S.'s mother called a Division of Family Services hotline and reported Jones's alleged actions. Jones was initially indicted on two counts of Rape in the First Degree and one count of Unlawful Sexual Contact in the First Degree. A trial on those charges was held in Superior Court.

(3) At trial, there was some conflicting testimony as to who abused the victim. In an interview with a representative of the Child Advocacy Center of Delaware, A. R.-S. first accused her brother of inappropriately touching her, then clarified that Jones committed the acts alleged. At trial, A. R.-S. testified that it was Jones who abused her. The jury found Jones guilty, and he received life imprisonment sentences for both Rape First Degree charges.

(4) This, however, was not the end of Jones's case. The Superior Court vacated Jones's conviction because the State failed to disclose the nature of a witness's bargain for a reduced sentence in exchange for his testimony against Jones.

(5) After his conviction was vacated, Jones decided to consider accepting a plea offer made by the State. The State offered Jones the opportunity to plead

---

[1] Initials are being used to protect the victim's identity.

*nolo contendere* to two charges of Rape in the Fourth Degree, with the understanding that his probation (on another case) would be violated and a *nolle prosequi* would be entered on the Unlawful Sexual Contact charge. The State agreed to recommend a sentence of 15 years at Level V, suspended after five years, followed by periods of Level IV and Level III probation as to one of the Rape Fourth Degree charges, and 15 years at Level V suspended for Level III as to the other. It also recommended that Jones be discharged unimproved on the VOP. Imposition of these recommended sentences by the court would result in Jones's release for time served.

Jones's attorney urged him to take the State's offer. In a letter dated July 1, 2020, defense counsel relayed the State's plea offer to Jones, explaining: "That means as soon as you enter the plea, you would be released from jail and only have probation to do."[2] Defense counsel further urged Jones: "I want you to strongly consider the plea offer because it puts this chapter behind you and allows you to have a life on the outside—away from prison" and additionally articulated that while Jones would have to contend with the sex offender registry and other conditions, he would be "out and can have a good life."[3] Jones decided to accept the State's offer.

(6) The plea agreement was presented to a Superior Court Judge and Jones's plea of *nolo contendere* to the two Rape Fourth Degree charges was

---

[2] App. to Opening Br. at A721.
[3] *Id.*

3

accepted. After accepting Jones's plea, however, the judge indicated a hesitancy to impose the recommended sentence. The judge stated: "I have to tell all counsel, this proposal gives me a great deal of trouble."[4] He continued: "Counsel, if we are going to immediate sentencing here today, I am not doing what is being proposed to me here. I am going to do something that is substantially different from that."[5] After further discussion, defense counsel requested that sentencing be continued so that counsel could submit some additional information for the court's consideration. The court granted that request and sentencing was continued to a later date.

(7) Following the hearing, defense counsel wrote to Jones and expressed disappointment and surprise at what had occurred after the acceptance of Jones's *nolo contendere* plea. Defense counsel then filed a motion to withdraw Jones's plea, which was denied.

(8) Jones's relationship with defense counsel deteriorated. Defense counsel filed a motion to withdraw as Jones's counsel, and Jones filed a motion to disqualify his counsel.[6] Both motions were granted. Jones was assigned new counsel. His new counsel filed a second motion to withdraw his plea, which was also denied. Sentencing was then scheduled, and the court imposed sentences

---

[4] *Id*. at A589.
[5] *Id.* at A597.
[6] It should be noted that attorney Tasha Stevens informed the trial court that she was only involved in Jones's case for the purpose of trial preparation but was included in the granting of the motions to withdraw and disqualify.

requiring Jones to serve ten years of unsuspended Level V time followed by probation.

(9) Jones challenges the Superior Court's denial of his second motion to withdraw the plea. We review the denial of a motion to withdraw a plea for abuse of discretion.[7]

(10) Superior Court Rule 32(d) provides that when a motion to withdraw a plea of *nolo contendere* is made before sentence is imposed, the Superior Court may permit the plea to be withdrawn for any fair and just reason. We have developed a test of five factors to be considered in deciding whether the withdrawal of such a plea should be permitted:

> (1) the procedure of the colloquy; (2) whether the plea was intelligent, knowing, and voluntary; (3) whether the defendant had a basis to assert legal innocence; (4) whether the defendant had adequate legal counsel throughout the proceedings; and (5) whether the State would be prejudiced or the court would be unduly inconvenienced if the defendant were permitted to withdraw his guilty plea.[8]

These "are not factors to be balanced; indeed, some of the factors of themselves may justify relief."[9] Jones rests his case on the second, third, and fourth factors.

(11) Jones first argues that the statements made by his counsel in the above-

---

[7] *Lane v. State*, 918 A.2d 338, 2006 WL 3703683, at *1 (Del. Dec. 18, 2006) (ORDER).
[8] *McNeill v. State*, 2002 WL 31477132, at *1 (Del. Nov. 4, 2002) (ORDER).
[9] *Scarborough v. State*, 938 A.2d 644, 649 (Del. 2007).

discussed letter before he accepted the State's plea offer are a promise by counsel that he would receive the sentences recommended in the plea agreement. He argues that the court's imposition of ten years of unsuspended Level V time rather than the recommended five years renders his plea not knowing, intelligent, and voluntary. When considering whether a plea was knowingly, intelligently, and voluntarily made, this Court has concluded that "[i]n the absence of clear and convincing evidence to the contrary, [the defendant] is bound by his answers on the Truth-in-Sentencing Guilty Plea Forms and by his testimony prior to the acceptance of the guilty plea."[10] A defendant's statements to the Superior Court during a guilty plea colloquy are presumed to be truthful.[11]

(12) We do not find that the statements in defense counsel's letter render Jones's plea not knowing, intelligent, and voluntary. During the plea colloquy, the trial court carefully explained to Jones that no matter what the terms of his plea agreement might be, the trial court could give him a greater sentence. Jones asserted to the trial court that he knew he could receive a greater sentence. He also acknowledged that he had reviewed the Truth-in-Sentencing form with counsel and approved its contents. Jones unconvincingly argues that his belief about what his sentence would be and could be existed simultaneously. Jones's discussion with

---

[10] *Savage v. State*, 2003 WL 214963, at *2 (Del. Jan. 31, 2003) (ORDER) (citing *Somerville v. State*, 703 A.2d 629, 632 (Del. 1997)).
[11] *Somerville*, 703 A.2d at 632.

6

the trial court should have alerted him to the inaccuracy of his belief that his sentence would definitely be time served. Jones has not provided clear and convincing evidence to rebut his testimony during the plea colloquy or his acceptance of the Truth-in-Sentencing form.

(13) Jones next argues that he has a basis on which to assert legal innocence. When considering an assertion of legal innocence, this Court has held that "conclusory allegations of innocence are not sufficient to require withdrawal of a guilty plea, especially when the defendant has admitted his guilty [sic] in the plea colloquy."[12] Furthermore, denial of a motion to withdraw in the face of "reference to inconsistencies in the prosecution's case" is not an abuse of discretion.[13]

(14) By pleading *nolo contendere*, Jones did not admit that he committed the offenses he was accused of, and there was some conflicting evidence presented at trial as to Jones's guilt. However, the State presented strong evidence of Jones's guilt, namely the victim's testimony. As this Court has stated before, "a victim's testimony alone, concerning alleged sexual contact, is sufficient to support a guilty verdict if it establishes every element of the offense charged."[14] In making its decision, the Superior Court concluded that Jones's innocence claim was just "his

---

[12] *Savage*, 2003 WL 214963, at *2 (internal quotation marks omitted).
[13] *Barksdale v. State*, 2016 WL 2585892, at *2 (Del. Apr. 6, 2016) (ORDER).
[14] *Hoyle v. State*, 2008 WL 361139, at *2 (Del. Feb. 11, 2008) (ORDER) (quoting *Farmer v. State*, 844 A.2d 297, 300 (Del. 2004)).

take on the facts of the case" and noted that while "charges of rape with little extrinsic evidence can be difficult . . . the victims [sic] evidence was clear and convincing."[15]   We do not find this conclusion to be an abuse of discretion.

(15)   Jones also argues that he lacked adequate legal counsel at the time of the plea process.  When considering the adequacy of legal counsel, this Court's review is "subject to a strong presumption that counsel's conduct was professionally reasonable."[16]   This Court has established two elements for finding that an attorney was ineffective in this context.[17]   First, a defendant must demonstrate that "counsel's actions fell below an objective standard of reasonableness."[18]   Second, a defendant must demonstrate that "there exists a reasonable probability that, but for counsel's unprofessional errors, [the defendant] would have chosen to proceed to trial."[19]   Furthermore, this Court has explained that when a judge is acting in the role of a factfinder, the judge "is the sole judge of credibility and therefore, this Court will not disturb conclusions of fact made by the Trial Judge when supported by competent evidence."[20]

(16)   In order to demonstrate that his counsel was inadequate, Jones must

---

[15] Opening Br. Ex. B at 2.

[16] *Barnett v. State*, 2007 WL 1314664, at *2 (Del. May 7, 2007) (ORDER) (internal quotation marks omitted).

[17] *Id.*

[18] *Id.*

[19] *Id.*

[20] *Id.* (internal quotation marks omitted).

rebut a presumption that defense counsel's actions were reasonable.[21]    Jones argues that defense counsel's "written promise"[22] to him meant that he was not provided with effective counsel during the pleading stage.   This claim is undermined, however, by Jones's acknowledgement during the plea colloquy that he could be sentenced to up to 15 years of Level V time on each Rape Fourth Degree charge. He also told the court that he was satisfied with his counsel's representation. Therefore, it was not an abuse of discretion for the Superior Court to decide that defense counsel's conduct was adequate and not unreasonable.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is **AFFIRMED.**

BY THE COURT:

/s/    James T. Vaughn, Jr.
Justice

---

[21] *Id.*
[22] Opening Br. at 28.