IN THE SUPREME COURT OF THE STATE OF DELAWARE

DAVID SIMMONS, §
§ No. 432, 2022
Defendant Below, §
Appellant, § Court Below—Superior Court
§ of the State of Delaware
v. §
§ Cr. ID No. 2101012555 (S)
STATE OF DELAWARE, §
§
Appellee. §

Submitted: April 20, 2023
Decided: May 23, 2023

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## ORDER

After consideration of the appellant's Supreme Court Rule 26(c) brief, the State's response, and the record on appeal, it appears to the Court that:

(1)     On October 25, 2022, a Superior Court jury found the appellant, David Simmons, guilty of theft of a firearm and theft less than $1,500.00.  The Superior Court immediately sentenced Simmons to four years of Level V incarceration, suspended for Level II probation.  This is Simmons's direct appeal.

(2)     At trial, Dennis LaMartina testified that Simmons had moved into his house as a tenant a few years earlier.  LaMartina and Simmons were the only people who had keys to the house.  Over time, Simmons began saying strange things and behaving erratically.

(3)     LaMartina owned a silver, .25 caliber firearm.  He also had a box of bullets that went with the gun.  LaMartina stored the gun and bullets in an end table in the living room.  Based on Simmons' increasingly strange behavior, LaMartina moved the gun and bullets to a boot in his bedroom closet.

(4)     After being away, LaMartina returned home on January 19, 2021 to find things had been moved around in his bedroom.  There were also items missing from his bedroom dresser.  LaMartina checked the boot in his closet and discovered that both the gun and bullets were gone.  There were no signs of forced entry.  He reported the theft of the gun and bullets to the police.

(5)     Trooper Michelle Galiani spoke with Simmons at the house on January 28, 2021.  In response to Galiani's inquiries concerning whether there were any guns in the house, Simmons said there were guns in the house that belonged to him.  Simmons told Galiani that the guns were in a locked guitar case in his bedroom.  He removed the guitar case from his closet and gave Galiani the key to open it.  Inside the guitar case, Galiani found the .25 caliber firearm wrapped in a bandana, a firearm later determined to be a replica, and a box of ammunition.

(6)     When Galiani asked Simmons if LaMartina would corroborate that the .25 caliber firearm belonged to Simmons, Simmons admitted that the gun belonged to LaMartina.  LaMartina confirmed that the gun belonged to him.  After Simmons was arrested, he told the police that he took the gun to protect himself from people

2

he suspected of going in and out of the house. Simmons initially elected to testify, but then changed his mind and elected not to testify.

(7) On appeal, Simmons's appellate counsel ("Counsel") filed a brief and a motion to withdraw under Supreme Court Rule 26(c). Counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues. Counsel informed Simmons of the provisions of Rule 26(c) and provided Simmons with a copy of the motion to withdraw and the accompanying brief.

(8) Counsel also informed Simmons of his right to identify any points he wished this Court to consider on appeal. Simmons has submitted points for this Court's consideration. The State has responded to the Rule 26(c) brief and has moved to affirm the Superior Court's judgment.

(9) When reviewing a motion to withdraw and an accompanying brief under Rule 26(c), this Court must: (i) be satisfied that defense counsel has made a conscientious examination of the record and the law for arguable claims; and (ii) conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[1]

---

[1] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *Leacock v. State*, 690 A.2d 926, 927-28 (Del. 1996).

(10) In his points, Simmons states that he had previously found the gun, loaded, in a living room drawer and offered to buy a gun lock, but LaMartina rejected his offer. He claims that he later found the loaded gun in a hamper in LaMartina's room. Simmons says he recorded the serial number, put a lock on the gun, locked the gun in his guitar case, and placed the guitar case in his closet. He called Troop 4 to run the serial number and learned the gun was clean. According to Simmons, LaMartina never asked him where the gun was, but assumed he stole it. He also asserts that his counsel was ineffective.

(11) We construe Simmons's explanation of what he did with the gun as a claim that there was insufficient evidence to convict him of theft of a firearm and theft less than $1,500.00. Generally, we review an insufficiency of evidence claim to determine whether any rational trier of fact, viewing the evidence in the light most favorable to the State, could have found the defendant guilty beyond a reasonable doubt.[2] Because Simmons did not move for acquittal in the Superior Court, we review his claim for plain error.[3] "[T]he doctrine of plain error is limited to material defects which are apparent on the face of the record; which are basic, serious and fundamental in their character, and which clearly deprive an accused of a substantial right, or which clearly show manifest injustice."[4]

---

[2] *Farmer v. State*, 844 A.2d 297, 300 (Del. 1990).
[3] *Williamson v. State*, 113 A.3d 155, 157 (Del. 2015).
[4] *Wainwright v. State*, 504 A.2d 1096, 1100 (Del. 1986).

(12)   A person is guilty of theft of a firearm when he takes, exercises control over, or obtains a firearm of another person with the intent to deprive the other person of the firearm or to appropriate the firearm.[5]  A person is guilty of theft less than $1,500.00 when he takes, exercises control over, or obtains property of another person with the intent to deprive that person of the property or to appropriate the property.[6]  There is no plain error here because there was sufficient evidence to support Simmons's convictions for theft of a firearm and theft less than $1,500.00 (the ammunition).

(13)   This evidence included LaMartina's testimony concerning the disappearance of his gun and ammunition from a boot in his bedroom closet, the fact that only he and Simmons had keys to the house, and the absence of any signs of a break-in of the house.  The evidence also included Galiani's testimony that the gun and ammunition were found in a guitar case in Simmons's bedroom closet and Simmons's admission that he took the gun.  Even if Simmons had described what happened to the jury as he does on appeal, his description reflects that he took LaMartina's loaded gun from LaMartina's bedroom and locked it in a guitar case in his bedroom closet, intentionally depriving LaMartina of the loaded gun.

---

[5] 11 *Del C.* § 1451(a).
[6] 11 *Del. C.* § 841(a).

(14) As to Simmons's claims concerning his counsel, the Court does not consider ineffective assistance of counsel claims on direct appeal when the claims were not raised in the Superior Court in the first instance.[7]

(15) Having reviewed the record carefully, we conclude that Simmons's appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that Counsel has made a conscientious effort to examine the record and the law and has properly determined that Simmons could not raise a meritorious claim in this appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.

BY THE COURT:

/s/ Collins J. Seitz, Jr.
Chief Justice

---

[7] *Desmond v. State*, 654 A.2d 821, 829 (Del. 1994).