# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE )
)
) Def. I.D. # 2306012469
v. )
)
)
ENRIQUE GARCIA-VINCENTE, )
)
Defendant. )

Submitted: January 12, 2026
Decided: January 22, 2026

*Upon Defendant's Motion for Postconviction Relief under Superior Court Criminal Rule 61 (R1)*

**DENIED**

## MEMORANDUM OPINION AND ORDER

Amanda D. Buckworth, Esquire, Deputy Attorney General, Department of Justice, 13 The Circle, Georgetown, DE 19947; Attorney for State of Delaware.

Enrique Garcia-Vincente, SBI #00620463, James T. Vaughn Correctional Center, 1181 Paddock Road, Smyrna, DE 19977; *Pro Se*.

**KARSNITZ, R. J.**

1

## I.    BACKGROUND

On October 17, 2024, a Superior Court jury found Enrique Garcia-Vincente ("Defendant") guilty of second-degree rape, stalking, third-degree assault, and multiple counts of non-compliance with bond. On January 10, 2025, I sentenced Garcia-Vincente to eleven years of unsuspended Level V incarceration.

Defendant appealed directly to the Delaware Supreme Court which, on October 17, 2025, concluded that Defendant's appeal was wholly without merit and devoid of any arguably appealable issue, and that Defendant's counsel on appeal properly determined that Defendant could not raise any meritorious claims on appeal. The Supreme Court Mandate was filed on November 10, 2025.

On December 18, 2025, I denied Defendant's Motion for Modification of Sentence.

On January 12, 2026, Defendant timely filed his first *pro se* Motion for Postconviction Relief under Superior Court Criminal Rule 61 (the "Motion"). In the Motion, Defendant raises four (4) claims of ineffective assistance of his trial counsel ("Trial Counsel"), as discussed more fully below.

In his Motion, Defendant did not request the appointment of Postconviction Counsel to represent him. Rule 61(e)(1) provides in pertinent part:

> Any indigent movant's request for appointment of counsel shall be filed contemporaneously with the movant's postconviction motion. Failure

2

to file a contemporaneous request for appointment of counsel with the movant's postconviction motion may be deemed a waiver of counsel.

I deem Defendant's failure to file such a contemporaneous request to constitute a waiver of the appointment of postconviction counsel to represent him, and I do not do so.

## II.    ANALYSIS

I first address the four procedural bars of Rule 61.[1]  If a procedural bar exists, as a general rule I will not address the merits of the postconviction claim.[2]  A Rule 61 Motion can be barred for time limitations, successive motions, failure to raise claims below, or former adjudication.[3]

First, a motion for postconviction relief exceeds time limitations if it is filed more than one year after the judgment of conviction is final.[4] In Defendant's case, the judgment of conviction became final when the Supreme Court issued its mandate or order finally determining the case on direct review.[5] The Supreme Court issued its mandate finally determining Defendant's case on direct review on September 4, 2025. Defendant filed the Motion on December 4, 2025, well before the one-year

---

[1] *Ayers v. State*, 802 A.2d 278, 281 (Del.2002) (citing *Younger v. State,* 580 A.2d 552, 554 (Del. 1990).

[2] *Bradley v. State*, 135 A.3d 748 (Del 2016); *State v. Page*, 2009 WL 1141738, at*13 (Del. Super. April 28, 2009).

[3] Super. Ct. Crim. R. 61(i).

[4] Super. Ct. Crim. R. 61(i)(1).

[5] Super. Ct. Crim. R. 61(m)(2).

deadline. Therefore, consideration of the Motion is not barred by the one-year limitation.

Second, second or subsequent motions for postconviction relief are not permitted unless certain conditions are satisfied.[6] Since this is Defendant's first motion for postconviction relief, consideration of the Motion is not barred by this provision.

Third, grounds for relief "not asserted in the proceedings leading to the judgment of conviction" are barred unless certain conditions are satisfied.[7] It could be argued that Defendant's claims could have been asserted in the proceedings leading to his conviction and are therefore barred. However, Defendant's grounds for relief are couched as claims of ineffective assistance of counsel and I will treat them as such. It is well-settled Delaware law that, as collateral claims, ineffective assistance of counsel claims are properly raised for the first time in postconviction proceedings.[8] Therefore, my consideration of the Motion is not barred by this provision.

Fourth, grounds for relief formerly adjudicated in the case, including

---

[6] Super. Ct. Crim. R. 61(i)(2).
[7] Super. Ct. Crim. R. 61(i)(3).
[8] *State v. Schofield*, 2019 WL 103862, at *2 (Del. Super. January 3, 2019); *Thelemarque v. State*, 2016 WL 556631, at *3 (Del. Feb. 11, 2016) ("[T]his Court will not review claims of ineffective assistance of counsel for the first time on direct appeal."); *Watson v. State*, 2013 WL 5745708, at *2 (Del. Oct. 21, 2013) ("It is well-settled that this Court will not consider a claim of ineffective assistance that is raised for the first time in a direct appeal.").

"proceedings leading to the judgment of conviction, in an appeal, in a postconviction proceeding, or in a federal *habeas corpus* hearing" are barred. Defendant's claims have not been formerly adjudicated. My consideration of the Motion is not barred by this provision.

None of these four procedural bars apply either to (i) a claim that there is new evidence of actual innocence in fact, or to (ii) a claim that a retroactively applied rule of constitutional law renders the conviction invalid.[9] Defendant makes no such claims here.

Since none of the procedural bars under Rule 61 apply, I will consider the Motion on its merits.

To succeed on the merits, Defendant must meet the two-part standard established in *Strickland v. Washington,*[10] as applied in Delaware.[11] Under *Strickland*, Defendant must show that Trial Counsel's representation "fell below an objective standard of reasonableness" (the "performance prong"); and (2) the "deficient performance prejudiced [his] defense." (the "prejudice prong").[12]

As to the performance prong, Defendant must demonstrate that Trial Counsel's decisions were unreasonable. There is a presumption that Trial Counsel's challenged conduct may be considered a strategic choice, and there is deference

---

[9] Super. Ct. Crim. R. 61(d)(2)(i) and (ii).
[10] 466 U.S. 668 (1984).
[11] *Albury v. State*, 551 A.2d 53 (Del. 1988).
[12] *Strickland* at 687.

afforded to such strategy.[13]

As to the prejudice prong, Defendant must demonstrate that there exists a reasonable probability that, but for Trial Counsel's errors, the outcome of the trial would have been different. [14] Even if Trial Counsel's performance was professionally unreasonable, it would not warrant setting aside the judgment of conviction if the error had no effect on the judgment.[15] A showing of prejudice "requires more than a showing of theoretical possibility that the outcome was affected."[16]

*Strickland* teaches that there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in a particular order, or even to address both prongs of the inquiry if the defendant makes an insufficient showing on one. In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant because of the alleged deficiencies. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, that course should be followed.[17] In every case, the court should be concerned with whether, despite the strong presumption of reliability, the result of the particular proceeding is unreliable because of a breakdown in the

---

[13] *Id.* at 689.
[14] *Albury,* at 687; *Zebroski v. State,* 822 A.2d 1038, 1043 (Del. 2003); *Wright v. State,* 671 A.2d 1353, 1356 (Del. 1996).
[15] *Strickland,* at 691.
[16] *Frey v. Fulcomer,* 974 F.2d 348, 358 (3d Cir. 1992).
[17] *Strickland,* at 697.

adversarial process that our system counts on to produce just results.[18]

**Four Grounds for Relief -- Ineffective Assistance of Counsel**

Defendant asserts four ineffective assistance of counsel claims, stating that his Trial Counsel failed to:

(1) move for a judgment of acquittal before the case went to the jury;

(2) investigate and utilize defense witnesses;

(3) thoroughly cross-examine the victim; and,

(4) retrieve and utilize exculpatory evidence.

I address these claims *seriatim* below.

(1)    Defendant states that there was insufficient evidence in his case to have sent it to the jury, because the DNA sample did not match his DNA and the only evidence against him was the testimony of the victim, even though she had recanted and wanted to drop the charges against him. Therefore, argues Defendant, Trial Counsel was ineffective in failing to file a motion for acquittal before the case went to the jury. Defendant flatly misstates the record in all three respects.

First, there was not a mismatch of the DNA sample; rather, the swabs which the hospital nurse collected from the victim's neck and vagina tested positive for male DNA but were insufficient to determine if it was Defendant's DNA.

Second, the victim testified that Defendant had told her to call the police and

---

[18] *Id*. at 696.

tell them to drop the charges because he was remorseful, and it would be good for their child. On two occasions before Defendant was arrested, the victim made such calls to the police. In his direct appeal to the Supreme Court, Defendant stated that there was an affidavit from the victim recanting her testimony. In fact, there was no such affidavit. Rather, there were Spanish and English affidavits dated October 5, 2023, from someone named Daniel Garcia. In the English affidavit, the victim stated that she did not want to continue the case and wished to lift the charges against Defendant. However, in the affidavit the victim did not recant her statement that Defendant raped her. Rather, she only stated that she did not want the case to continue because she had a child with Defendant. The victim testified fully at trial about the rape. On cross-examination she testified that she had asked police to drop the charges because Defendant told her to do so, but again she did not recant her statement that Defendant had raped her. Moreover, the prosecution fully disclosed the October 5, 2023, affidavit to the defense.

Third, at the conclusion of the State's case, Trial Counsel moved for a judgment of acquittal, which I denied. Trial Counsel cannot be deemed to be ineffective for failure to make a motion for acquittal which in fact she made.

In any event, there is sufficient other evidence of Defendant's guilt on the charges of which Defendant was convicted that the outcome of the trial would have been no different, as discussed below.

8

(2)    Defendant next asserts that he presented a list of potential witnesses to Trial Counsel who would have provided testimony that undermined the testimony of the victim, but she did not interview them or call them at trial. Defendant provides no list of such witnesses and proffers no testimony that they would have provided. A self-serving and conclusory statement is no substitute for concrete information. The decision not to call the witnesses may have been an informed strategic decision by Trial Counsel. In any event, it is not objectively unreasonable conduct.

In any event, even if Trial Counsel's conduct were unreasonable, there is sufficient evidence of Defendant's guilt on the charges of which he was convicted, such that the outcome of the trial would have been no different. As the Supreme Court pointed out in its Order after a *de novo* review of the sufficiency of the evidence, the elements of second-degree rape are intentional sexual intercourse with another person who does not consent.[19] Based on the victim's testimony alone, a rational juror could find Defendant guilty beyond a reasonable doubt. "A victim's testimony alone, concerning alleged sexual contact, is sufficient to support a guilty verdict if it establishes every element of the offense charged."[20]

(3)    Defendant next asserts that Trial Counsel's cross-examination of the victim ignored significant facts suggesting that she had been coerced to file a report

---

[19] 11 Del. C. § 772(a)(1).
[20] *Farmer v. State*, 844 A.2d 297, 300 (Del. 2004).

9

and testify at trial and failed to address what she stood to gain from her allegations. Again, Defendant proffers no facts that would have been elicited by such cross-examination. A self-serving and conclusory statement is no substitute for concrete information. I have reviewed the transcript of the cross-examination of the victim by Trial Counsel and find it acceptable in every respect. In any event, it is not objectively unreasonable conduct by Trial Counsel.

In any event, even if Trial Counsel's conduct were unreasonable, as discussed above, there is sufficient evidence of Defendant's guilt on the charges of which he was convicted, such that the outcome of the trial would have been no different.

(4)     Finally, Defendant asserts that Trial Counsel ignored the fact that his cell phone contained video of the victim stating that he did not commit the offenses. This evidence, had it been admitted at trial, would have impeached the victim's credibility and changed the outcome of the trial. Again, Defendant proffers no video evidence or other evidence of such a video. As discussed above, Defendant pressured the victim to recant her charges, and she did state in a third-party affidavit that she did not want to prosecute Defendant. However, she never recanted the charges or changed her trial testimony with respect to the rape. A self-serving and conclusory statement by Defendant that such a video exists is no substitute for concrete evidence. I am extremely skeptical that, if such a video exists, it would not have been discovered and utilized by Trial Counsel.

In any event, assuming *arguendo* that such a video exists, and that failure to use it for impeachment purposes constituted objectively unreasonable conduct by Trial Counsel, there is sufficient evidence of Defendant's guilt on the charges of which he was convicted, such that the outcome of the trial would have been no different. Based on the victim's trial testimony alone, a rational juror could find Defendant guilty beyond a reasonable doubt even had the video been before the jury.

III.    CONCLUSION

For the foregoing reasons, Defendant Enrique Garcia-Vincente's Motion for Postconviction Relief is summarily[21] **DENIED**.

**IT IS SO ORDERED**.

*/s/ Craig A. Karsnitz*

/s/ Craig A. Karsnitz

cc:    Prothonotary
       Amanda D. Buckworth, Esquire
       Angela D. Huffman, Esquire
       Enrique Garcia-Vincente, JTVCC

---

[21] Under Super. Ct. Crim. R. 61(d)(5).