IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ELLIK E. BEST, | § | |
| | § | No. 369, 2025 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID Nos. 2403010012 A/B (K) |
| STATE OF DELAWARE, | § | |
| | § | |
| Appellee. | § | |

Submitted: February 10, 2026
Decided: April 27, 2026

Before **TRAYNOR**, **LEGROW**, and **GRIFFITHS**, Justices.

## <u>ORDER</u>

After consideration of the appellant's Supreme Court Rule 26(c) brief, the State's response, and the record on appeal, it appears to the Court that:

(1) A Superior Court jury found the appellant, Ellik E. Best, guilty of drug dealing, drug possession, possession of drug paraphernalia, possession of a firearm by a person prohibited ("PFBPP"), and possession of ammunition by a person prohibited ("PABPP"). The Superior Court sentenced Best to forty-eight years of Level V incarceration, suspended after nineteen years for decreasing levels of supervision. This is Best's direct appeal.

(2) On appeal, Best's counsel ("Counsel") filed a brief and a motion to withdraw under Supreme Court Rule 26(c). Counsel stated that there were no

arguably appealable issues. He informed Best of the provisions of Rule 26(c) and provided Best with a copy of the motion to withdraw and the accompanying brief. He also informed Best of his right to identify any points he wished this Court to consider on appeal. Best submitted points for this Court's consideration. The State has responded to the Rule 26(c) brief and has moved to affirm the Superior Court's judgment.

(3)     The parties stipulated before trial to sever the drug offenses from the weapon offenses and try the drug offenses first. The evidence presented at the first trial established that Delaware State Police conducted a search of a Dover residence on May 20, 2024. Sergeant Mark Doughty found Best upstairs, lying on a hallway floor. Although Sergeant Doughty did not encounter anyone else in the residence, Best's uncle, Charles Jackson, was also there.

(4)     In one of the upstairs bedrooms, Detective Anthony Tillman found Best's Delaware identification card, paperwork with Best's name, and men's clothing consistent with Best's size. Detective Tillman also found a black cross-body bag containing a cardboard phone box and a tin. The box and tin contained bags with a white substance later determined to be approximately 69 grams of cocaine. The tin also contained a digital scale.

(5)     On a shelf next to the bed there was a substance that looked like cocaine but did not field test positive for any controlled substance. Detective Tillman

2

identified the substance as a cutting agent. There also were small plastic baggies in the bedroom. Based on his training and experience, Detective Tillman testified that the amount of cocaine as well as the plastic baggies, digital scale, and cutting agent were consistent with drug dealing. The police did not look for fingerprints on any of the items found in the bedroom. A sample of Best's DNA was collected but was not matched to anything in the bedroom.

(6) Sergeant Talasky Jean interviewed Best. During the interview, Best told Sergeant Jean that he acquired the cocaine to sell it. A redacted recording of the interview was played for the jury. Best did not testify at trial. The jury found Best guilty of drug dealing, drug possession, and possession of drug paraphernalia.

(7) The parties then proceeded to trial on the weapon offenses. Before the second trial started, the Superior Court conducted a colloquy with Best in which he stipulated to having been convicted on two or more separate convictions of a violent felony for purposes of enhancing sentencing under 11 *Del. C.* § 1448(e)(1). Best confirmed that he understood he was waiving his right to have a jury determine whether he was prohibited from possessing a firearm and whether he was convicted on two or more separate occasions of a violent felony.

(8) Detective Tillman testified that he found a loaded firearm in the same black cross-body bag that contained the cocaine. He also found ammunition of different calibers scattered throughout the bedroom. No fingerprints or DNA were

3

found on the firearm. In the interview with Sergeant Jean, Best admitted that he had the firearm for about two months and purchased it for protection. A redacted recording of the interview was played for the jury. Best chose not to testify. The jury found Best guilty of PFBPP and PABPP.

(9) After discussion at sentencing about how to sentence or merge the drug-dealing and drug-possession convictions, the State entered a *nolle prosequi* on the drug-possession conviction. The Superior Court sentenced Best as follows: (i) for PFBPP, fifteen years of Level V incarceration; (ii) for drug dealing, twenty-five years of Level V incarceration, suspended after four years for decreasing levels of supervision; (iii) for PABPP, eight years of Level V incarceration suspended for one year of Level III supervision; and (iv) for possession of drug paraphernalia, a $1,150 fine. This appeal followed.

(10) When reviewing a motion to withdraw and an accompanying brief under Rule 26(c), this Court must: (i) be satisfied that defense counsel has made a conscientious examination of the record and the law for arguable claims; and (ii) conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[1]

---

[1] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *Leacock v. State*, 690 A.2d 926, 927-28 (Del. 1996).

(11) Best makes the following points on appeal: (i) he was intoxicated and under the influence of drugs when Sergeant Jean interviewed him; (ii) a report referred to two firearms; (iii) Sergeant Doughty falsely testified that Best was the only person in the residence; (iv) Best should not have been the only person charged with crimes; (v) the residence where the drugs and firearm were found was not his; (vi) his fingerprints and DNA were not present on the contraband; and (vii) the trial prosecutor was not present at his sentencing.

(12) We construe Best's contention that he was intoxicated at the time of his police statement as a claim that his statement was involuntary and should have been suppressed. Under Superior Court Criminal Rule 12, a motion to suppress evidence "must be raised prior to trial."[2] A party's failure "to make requests which must be made prior to trial…shall constitute a waiver thereof, but the court for cause shown may grant relief from the waiver."[3] Best did not file a pretrial motion to suppress and has not shown cause why he is entitled to relief from his waiver. Under these circumstances, we decline to address this claim on appeal.[4]

---

[2] Super. Ct. Crim. R. 12(b).

[3] *Id.* 12(f).

[4] *Swanson v. State*, -- A.3d --, 2025 WL 3778943, at *5 (Del. Dec. 31, 2025) (declining to consider the defendant's claim that evidence was unlawfully seized from him because he did not move to suppress the evidence in the trial court and did not attempt to establish cause for relief from his waiver).

5

(13)   As to Best's claim that an unspecified report refers to two firearms, he fails to explain the significance of this. He also fails to identify anything in the record to support this claim. The arrest warrant refers to one 9mm handgun. Detective Tillman testified that he found one firearm and different calibers of ammunition in the bedroom. This point is meritless.

(14)   We construe Best's points concerning the evidence presented at trial and the absence of a co-defendant as a claim that there was insufficient evidence to support his convictions. Generally, we review an insufficiency-of-evidence claim to determine whether any rational trier of fact, viewing the evidence in the light most favorable to the State, could have found the defendant guilty beyond a reasonable doubt.[5]  Because Best did not move for a judgment of acquittal in the Superior Court, we review this claim for plain error.[6] "[T]he doctrine of plain error is limited to material defects which are apparent on the face of the record; which are basic, serious and fundamental in their character, and which clearly deprive an accused of a substantial right, or which clearly show manifest injustice."[7]

---

[5] *Farmer v. State*, 844 A.2d 297, 300 (Del. 1990).

[6] Supr. Ct. R. 8; *Swan v. State*, 820 A.2d 342, 358 (Del. 2003).

[7] *Wainwright v. State*, 504 A.2d 1096, 1100 (Del. 1986).

(15) There was sufficient evidence to sustain Best's convictions for PFBPP,[8] drug dealing,[9] drug possession,[10] PABPP,[11] and possession of drug paraphernalia.[12] This evidence included: (i) the presence of a firearm, firearm ammunition, Best's Delaware identification card, and paperwork with Best's name in one bedroom; (ii) the presence of 69 grams of cocaine, a digital scale, small baggies, and a cutting agent in that same bedroom; (iii) Best's statement to police that he acquired the firearm for protection and the cocaine to sell; and (iv) Best's stipulation that he had previous felony convictions.[13]

(16) Contrary to Best's contention, Sergeant Doughty did not testify that Best was the only person in the residence on March 20, 2024. Sergeant Doughty testified that Best was the only person he encountered in the residence, but that he

---

[8] 11 *Del. C.* § 1448(a) (defining PFBPP as a person with a felony conviction possessing a firearm).

[9] 16 *Del. C.* § 4752(a)(1) (defining drug dealing as possession with intent to deliver a controlled substance in a Tier 3 quantity); *Id.* § 4751C(a) (defining a Tier C quantity of cocaine as 25 grams or more); *Id.* § 4716(b)(4) (defining cocaine as a Schedule II controlled substance).

[10] *Id.* § 4752(a)(2) (defining drug possession as the possession of a controlled substance in a Tier 3 quantity); *Id.* § 4751C (defining a Tier C quantity of cocaine as 25 grams or more of cocaine); *Id.* § 4716(b)(4) (defining cocaine as a Schedule II controlled substance).

[11] 11 *Del. C.* § 1448(a) (defining PABPP as a person with a felony conviction possessing firearm ammunition).

[12] 16 *Del. C.* § 4771(a) (providing that it is unlawful to use or possess with intent to use drug paraphernalia); *Id.* § 4701(18) (defining drug paraphernalia as including all materials that are used in the preparation or packaging of a controlled substance for delivery).

[13] *See supra* ¶¶ 3-8.

did not know whether any other individuals were found in the residence. Detective Tillman testified that Jackson was also in the residence at the time of the search. Best suggests that Jackson also should have been charged but does not explain why. Best told the police that he, not Jackson, acquired the firearm and cocaine.

(17) Best argues that the residence was not his but fails to address his presence there at the time of the search or the fact that his Delaware identification card and paperwork bearing his name were found in the bedroom. He also ignores that he told the police that he had acquired the firearm and cocaine found in the bedroom. Given this evidence, the absence of Best's DNA and fingerprints on the contraband, which was argued to the jury, does not require reversal of his convictions. A rational jury could find that Best was guilty beyond a reasonable doubt of PFBPP, drug dealing, drug possession, PABPP, and possession of drug paraphernalia.[14]

(18) Finally, Best asserts that the trial prosecutor was not present at sentencing. Best is correct that a different prosecutor appeared at sentencing, but he fails to explain why this is an appealable issue. The Superior Court Criminal Rules require that the defendant's counsel and the attorney general have the opportunity to

---

[14] *See, e.g., Kegler v. State*, 326 A.3d 706, 2024 WL 3813892, at *7 (Del. Aug. 14, 2024) (TABLE) (holding that a rational jury could find the defendant was guilty beyond a reasonable doubt of PFBPP notwithstanding the absence of fingerprints where an eyewitness testified that the defendant displayed a firearm).

address the court at sentencing.[15]  The sentencing transcript shows that this requirement was satisfied. This point is meritless.

(19)   This Court has reviewed the record carefully and has concluded that Best's appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that Counsel has made a conscientious effort to examine the record and the law and has properly determined that Best could not raise a meritorious claim in this appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot. Jurisdiction is not retained.

BY THE COURT:

*/s/ Abigail M. LeGrow*
Justice

---

[15] Super. Ct. Crim. R. 32(a).

9