IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ENRIQUE GARCIA-VINCENTE, | § | |
| | § | No. 48, 2025 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 2306012469 (S) |
| STATE OF DELAWARE, | § | |
| | § | |
| Appellee. | § | |

Submitted: August 18, 2025
Decided: October 17, 2025

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## ORDER

After consideration of the appellant's Supreme Court Rule 26(c) brief, the State's response, and the record on appeal, it appears to the Court that:

(1) A Superior Court jury found the appellant, Enrique Garcia-Vincente, guilty of second-degree rape, stalking, third-degree assault, and multiple counts of non-compliance with bond. The Superior Court sentenced Garcia-Vincente to eleven years of unsuspended Level V incarceration. This is Garcia-Vincente's direct appeal.

(2)    The evidence presented at trial established that Garcia-Vincente and his girlfriend ("M.B.S.")[1] lived together with their child.  M.B.S. testified that Garcia-Vincente was abusive, hitting her in the face in November or December 2022 because she was not there when he got home.  M.B.S. was scared to call the police about Garcia-Vincente hitting her, because he told her that the police would take her away and she would lose her rights to their daughter.  She was also frightened to call the police because she could not speak English, unlike Garcia-Vincent who could.  In early April 2023, Garcia-Vincente broke M.B.S.'s phone and kicked her in the leg when she asked him why.

(3)    Garcia-Vincente did not come home on April 13, 2023.  When Garcia-Vincente returned the next day and M.B.S. asked him where he had been, Garcia-Vincente began insulting her.  M.B.S. testified that Garcia-Vincente grabbed her, threw on her the bed, held her hands down, and vaginally raped her.  M.B.S. told Garcia-Vincente that she did not want to have sex with him, but he told her that he was going to do whatever he wanted because she was in his home and she was his woman.  At some point during the attack, Garcia-Vincente bruised M.B.S.'s neck and chest with his mouth.  A few days later, Garcia-Vincente apologized to M.B.S. and said he would not do it again.

---

[1] The initials represent a pseudonym we have assigned to the victim under Supreme Court Rule 7(d).

(4) Garcia-Vincente admitted to slapping M.B.S. once in November 2022, but denied ever hitting, kicking, or bruising her. He also denied ever having non-consensual sex with M.B.S.

(5) On April 17, 2023, while Garcia-Vincente was at work, M.B.S. left to live with her sister. The following day M.B.S. and her sister went to La Esperanza because M.B.S. wanted to get a restraining order. When the La Esperanza staff found out what had happened, they called police. Later that same day, M.B.S. and her sister went to Beebe Hospital.

(6) At the hospital, a forensic nurse examiner examined M.B.S. She observed red bruises on M.B.S.'s neck and chest, a bruise on her clavicle, and bruises on her shin. The nurse also noted a bruise on M.B.S.'s left buttock; pain and tenderness to the bilateral groin; pain, tenderness, and bruising to her right thigh; and injuries to her posterior fourchette, a laceration to her cervix, and an injury to her hymenal ring. The nurse collected DNA swabs from M.B.S.'s neck and vagina. The swabs tested position for male DNA, but the samples were insufficient to determine if it was Garcia-Vincente's DNA.

(7) When Garcia-Vincente learned M.B.S. had gone to La Esperanza, M.B.S. testified that he told her to call the police and tell them to drop the charges because he was remorseful and it would be good for their child. M.B.S. contacted

police on April 27, 2023 and May 8, 2023 about dropping the charges against Garcia-Vincente.

(8) On June 29, 2023, police arrested Garcia-Vincente, who understands some English but whose primary language is Spanish. The Superior Court set bail that day and ordered that Garcia-Vincente have no contact with M.B.S. Garcia-Vincente testified that this hearing took place by phone and that there was a Spanish interpreter to translate what the judge said for him, but that Garcia-Vincente was far away from the phone. He agreed, however, that the judge had discussed the conditions on the June 29, 2023 commitment sheet, which included the no contact condition. At his arraignment/bail review hearing on July 17, 2023, Vincente-Garica pleaded not guilty and the Superior Court imposed the same bond conditions, including no contact with the victim.

(9) Between July 3, 2023 and November 10, 2023, Garcia-Vincente contacted M.B.S. from prison by letter and by phone. Garcia-Vincente testified that he did not understand when he was first arrested that he was not supposed to contact M.B.S., and called her every day from prison. M.B.S. accepted the calls, but testified that she did not want him to call because it made her feel confused, guilty, and sad. The phone call records were admitted into evidence and several of the phone calls were played for the jury. In a July 4, 2023 letter, Garcia-Vincente apologized to

4

M.B.S. for how he had "failed" her.[2]  At the conclusion of the State's case, Counsel unsuccessfully moved for judgment of acquittal.

(10)  The jury found Garcia-Vincente guilty of second-degree rape as a lesser included offense of first-degree rape, third-degree assault on April 14, 2023, stalking, and fifty-three counts of non-compliance with bond conditions between July 18, 2023 and November 10, 2023.  The jury found Garcia-Vincente not guilty of first-degree rape, third-degree assault in December 2022, and eleven counts of non-compliance with bond conditions between July 3, 2023 and July 15, 2023.  After a presentence investigation, the Superior Court sentenced Garcia-Vincente Vincente to more than 200 years of Level V incarceration, suspended after eleven years for decreasing levels of supervision.

(11)  On appeal, Garcia-Vincente's appellate counsel ("Counsel") filed a brief and a motion to withdraw under Supreme Court Rule 26(c).  Counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues.  Counsel informed Garcia-Vincente of the provisions of Rule 26(c) and provided Garcia-Vincente with a copy of the motion to withdraw and the accompanying brief.

(12)  Counsel also informed Garcia-Vincente of his right to identify any points he wished this Court to consider on appeal.  Garcia-Vincente has raised points

---

[2] Op. Br. App. at A109.

5

for this Court's consideration. The State has responded to the Rule 26(c) brief and has moved to affirm the Superior Court's judgment.

(13) When reviewing a motion to withdraw and an accompanying brief under Rule 26(c), this Court must: (i) be satisfied that defense counsel has made a conscientious examination of the record and the law for arguable claims; and (ii) conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[3]

(14) Garcia-Vincente's arguments on appeal may be summarized as follows: (i) M.B.S. recanted her statement that Garcia-Vincente raped her; (ii) the prosecution's failure to disclose this recantation was a violation of *Brady v. Maryland*;[4] (iii) there was insufficient evidence to support his convictions for second-degree rape and non-compliance with bond; and (iv) Counsel was ineffective for failing to investigate his claims on appeal.

(15) Although Garcia-Vincente stated in his points that M.B.S.'s recantation affidavit was attached, there was no such affidavit. Shortly after submission of the points, the Court received two affidavits, both dated October 5, 2023 (one in English and one in Spanish), from someone named Daniel Garcia. In the English affidavit,

---

[3] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *Leacock v. State*, 690 A.2d 926, 927-28 (Del. 1996).
[4] 373 U.S. 83 (1963).

M.B.S. stated that she did not want to continue the case and wished to lift the charges against Garcia-Vincente.

(16) Assuming the October 5, 2023 affidavit is the affidavit that Garcia-Vincente refers to in his points, M.B.S. did not recant her statement that Garcia-Vincente raped her. She only stated that she did not want the case to continue because she had a child with Garcia-Vincente. At trial in October 2024, M.B.S. testified that Garcia-Vincente raped her. M.B.S. testified on cross-examination that she asked the police to drop charges in May 2023 because Garcia-Vincente told her to do so, but again she did not recant her statement that Garcia-Vincente had raped her. The record does not support Garcia-Vincente's claim that M.B.S. recanted her statement that Garcia-Vincente had raped her.

(17) Nor has Garcia-Vincente shown that the prosecution violated *Brady* by suppressing the October 5, 2023 affidavit. Under *Brady*, "the prosecution has a constitutional obligation to disclose exculpatory and impeachment evidence within its possession to the defense when that evidence might be material to the outcome of the case."[5] There is no indication that the prosecution failed to disclose the October 5, 2023 affidavit to the defense. Based on emails provided by the State, Garcia-Vicente's brother sent the affidavits to Counsel, who then sent them to the prosecutor on November 3, 2023. To the extent Garcia-Vincente also claims that

---

[5] *Risper v. State*, 250 A.3d 76, 90 (Del. 2021).

the prosecution withheld evidence of La Esperanza staff encouraging M.B.S. to accuse him of rape, he identifies nothing to support this conclusory claim.

(18) We next turn to Garcia-Vincente's contention that there was insufficient evidence to support his convictions for second-degree rape and non-compliance with bond conditions. The Court reviews an insufficiency of the evidence claim *de novo* to determine whether any rational trier of fact, viewing the evidence in the light most favorable to the State, could have found the defendant guilty beyond a reasonable doubt.[6] The elements of second-degree rape are intentional sexual intercourse with another person who does not consent.[7] Based on M.B.S.'s testimony that Garcia-Vincente held her down and engaged in vaginal sexual intercourse with her even though she told him that she did not want to have sex with him, a rational juror could find that Garcia-Vincente was guilty of second-degree rape beyond a reasonable doubt. Garcia-Vincente contends that the presence of his DNA was required for the jury's finding of guilt, but he is mistaken. "[A] victim's testimony alone, concerning alleged sexual contact, is sufficient to support a guilty verdict if it establishes every element of the offense charged" as it did here.[8]

---

[6] *Farmer v. State*, 844 A.2d 297, 300 (Del. 2004).

[7] 11 *Del. C.* § 772(a)(1).

[8] *Farmer*, 844 A.2d at 300.

8

(19) The elements of non-compliance with bond are the knowing violation of any provisions of the issued bond.[9] The evidence presented at trial, including the testimony of Garcia-Vincente and M.B.S., prison call records, and call recordings, established that the Superior Court first ordered Garcia-Vincente not to contact M.B.S. on June 29, 2023 and Garcia-Vincente repeatedly contacted M.B.S. by letter and phone between July 3, 2023 and November 10, 2023. Garcia-Vincente claims on appeal that he did not know he was not supposed to contact M.B.S., but testified at trial that this was only the case at the beginning when he was first imprisoned. The jury apparently accepted this testimony, finding Garcia-Vincente not guilty of non-compliance with bond for the times he contacted M.B.S. between his June 29, 2023 arrest and bail hearing and his July 17, 2023 arraignment/bail review hearing, but guilty of non-compliance with bond for the times he contacted M.B.S. after his July 17, 2023 arraignment/bail review hearing. Viewing the evidence in the light most favorable to the State, a rational juror could find Garcia-Vincente guilty of non-compliance with bond for the times he contacted M.B.S. between July 18, 2023 and November 10, 2023.

(20) Finally, Garcia-Vincente argues that Counsel was ineffective for failing to investigate the claims he raises on appeal. As previously discussed, these claims

---

[9] 11 *Del. C.* § 2109(c).

are without merit.[10]  Appellate counsel's filing of a motion to withdraw and non-merit brief under Rule 26(c) does not, by itself, constitute ineffective assistance of counsel.[11]

(21)  This Court has reviewed the record carefully and has concluded that Garcia-Vincente's appeal is wholly without merit and devoid of any arguably appealable issue.  We also are satisfied that Counsel has made a conscientious effort to examine the record and the law and has properly determined that Garcia-Vincente could not raise a meritorious claim in this appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.  The motion to withdraw is moot.  Jurisdiction is not retained.

BY THE COURT:

*/s/Karen L. Valihura*
Justice

---

[10] *See supra* ¶¶ 15-19.

[11] *See* Del. Supr. Ct. R. 26(c) (authorizing an attorney, who concludes that an appeal is wholly without merit after a conscientious examination of the record and the law, to file a motion to withdraw and non-merit brief); *Loper v. State*, 234 A.3d 159, 2020 WL 2843516, at *3 (Del. June 1, 2020) (TABLE) (rejecting claim that the defendant's appellate counsel was ineffective for filing a motion to withdraw and non-merit brief under Rule 26(c)).